LUIS MARTINEZ–McBEAN, Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 76-2441

No. 77-1231

United States Court of Appeals

Third Circuit

Submitted Under 3rd Cir. Rule 12(6) April 25, 1977

Filed August 31, 1977

BRENDA J. HOLLAR, ESQ., Assistant Attorney General, Charlotte Amalie, St. Thomas, V.I., *for appellant in 76-2441, and as cross-appellee in 77-1231*

LUIS MARTINEZ–MCBEAN, c/o U.S. District Court, Christiansted, St. Croix, V.I., *for appellee in 76-2441, and as cross-appellant in 77-1231*

Before VAN DUSEN, WEIS, and GARTH, *Circuit Judges*

### OPINION OF THE COURT

GARTH, *Circuit Judge*

This appeal and cross-appeal grew out of a civil action in which Luis Martinez-McBean (McBean), a schoolteacher discharged by the Commissioner of Education of the Virgin Islands, challenged the legality of his dismissal. The district court originally dismissed McBean's action on January 30, 1974. Two and one-half years later, the court,

acting on its own motion, reexamined its ruling, concluded that it had committed an error of law, and pursuant to Fed. R. Civ. Proc. 60(b)(6), granted relief from its previous order of dismissal. While refusing to reinstate McBean, the district court subsequently entered judgment in favor of McBean for back pay and interest. Both the Government of the Virgin Islands (No. 76-2441) and McBean (No. 77-1231) appealed. We reverse and reinstate the district court's order of January 30, 1974, which dismissed McBean's action.

## I.

The facts which gave rise to this litigation may be summarized briefly. On October 27, 1972, McBean led his fifth grade class from the school premises. He then began to pound on the doors of neighboring houses, to shout obscenities at the occupants, and to instruct his pupils "to take a good look at these 'enemies' and 'spies'." Memo. Op. of June 24, 1976, at 3. When school officials later asked McBean why he had engaged in this conduct, he explained that "the F.B.I., the C.I.A., and the local police has been engaging in a systematic process of trying to spy upon him, following him everywhere, and attempting to control his thoughts and behavior by placing him under 'electronic hypnosis.' " Id. at 3–4.

On October 31, 1972, the Commissioner of Education of the Virgin Islands suspended McBean pending further investigation. After the Commissioner's attempts to convince McBean to seek psychiatric help had failed, the Commissioner sent McBean a letter on November 30, 1972, informing him that he was being dismissed for "conduct unbecoming a teacher." The letter also informed McBean that he had a right to appeal that decision to the Government Employees' Service Commission (GESC). McBean filed an appeal with the GESC, and he was notified that his appeal would be heard on December 7, 1972. For

some reason, that appeal was not heard until April 5, 1973.

At the hearing before the GESC, McBean was represented by an attorney hired by the American Federation of Teachers, of which McBean was a member. McBean's attorney stipulated that the Commissioner had good cause to dismiss his client. The attorney informed the GESC that McBean's appeal involved only one issue: whether or not the Commissioner in dismissing McBean had complied with the procedures required by 3 V.I.C. § 530 and 17 V.I.C. § 127. The latter statute, among other provisions, directs that dismissal of Board of Education professional employees shall be governed by the provisions of 3 V.I.C. §§ 530–532. McBean's attorney framed the issue as follows:

whether or not the Commissioner dismissed Mr. McBean without first submitting a recommendation of dismissal to the Government Employees' Service Commission that reflected the concurrence of the Virgin Islands Board of Education in such action, and, in addition thereto, whether or not the Commissioner obtained the approval of the Governor of the Virgin Islands prior to the dismissal.

Memo. Op. of June 24, 1976, at 7.

On October 30, 1973, McBean, acting pro se, filed a petition in United States District Court seeking a Writ of Review of the GESC's decision pursuant to 5 V.I.C. § 1421 et seq. On January 30, 1974, the district court dismissed this petition for failure to comply with Rule 11(a) of the Rules of the District Court of the Virgin Islands. That rule provides in part that such petitions "shall be filed within 30 days after the date of the decision or determination complained of. . . ." McBean's petition was not filed until almost three months after the GESC's decision.

McBean did not take an appeal from the district court's order, but he did initiate a host of other pro se actions in the district court. One of McBean's suits concerned his apprehension and confinement by the government prior to

civil commitment proceedings held in 1972. Alleging that the government had acted illegally, McBean sought "forty-two million dollars ($42,000,000.00) tax free." McBean also sued the United States for $84,000,000.00 based upon "the F.B.I.'s and C.I.A.'s joint efforts in twice causing him to be confined illegally," and in "hypnotizing" him by means of "electronic devices". Finally, he sued the American Federation of Teachers and the AFL-CIO for $24,000,000 based upon the alleged "misrepresentation" of the attorney hired by the union to represent him before the GESC. (This latter action is also before us on appeal [No. 76-2552] from an order of the district court granting summary judgment in favor of the defendants.) Simultaneously with the filing of this opinion (which disposes of No. 76-2441 and 77-1231), we have entered a judgment order of No. 76-2552, which affirms the order of district court granting summary judgment for the defendants.

While preparing its opinion in McBean's suit against the unions (those cases are not before us here), the district court had occasion to consider in detail the requirements of 3 V.I.C. § 530, the statute which prescribes the procedure for the dismissal of employees of the Virgin Islands. The court determined that the GESC had not complied with certain procedures required by 3 V.I.C. § 530 in considering McBean's case, and it concluded that McBean should be granted relief from the order of January 30, 1974, which dismissed his petition for Writ of Review of the GESC's ruling.

When McBean appealed to the GESC in the fall of 1972, 3 V.I.C. § 530 did not include specific time limits governing the GESC's actions. However, on March 14, 1973, (that is, after McBean had filed his appeal with the GESC but prior to the hearing on that appeal), 3 V.I.C. § 530(b) was amended to require the GESC to render a decision in each appeal "within 14 days after termination of the hearing."

The amendment also stated: "In the event the Commission fails to . . . render its decision within the time . . . prescribed herein, the employee shall be reinstated, with full pay, to the date of his original dismissal or suspension." The district court concluded that this amendment applied to McBean's case. Since the GESC's decision in that case was not announced until almost 4 months after the end of the hearing, the district court held that McBean was entitled to reinstatement with back pay for the period beginning on October 31, 1972, (the date of his suspension) and ending on August 2, 1973, (the date of the GESC decision). The court also concluded that under Fed. R. Civ. Proc. 60(b)(6), it had the power to vacate its order of January 30, 1974, dismissing McBean's petition for a Writ of Review.

On June 24, 1976, the district court vacated the order of January 30, 1974. After briefing and argument, the court entered an order on August 27, 1976, affirming McBean's dismissal but awarding him back pay with interest from the date of his suspension to the date of the GESC decision. The Government appealed (No. 76-2441) and McBean cross-appealed (No. 77-1231).[1]

## II.

 We have concluded that the district court did not properly exercise its discretion[2] in granting relief in this case under Fed. R. Civ. Proc. 60(b)(6).[3] As Professor

---

[1] We grant the motion of the Government of the Virgin Islands to submit its brief in No. 76-2441 in this appeal as well. We have examined the arguments made by the appellant in No. 77-1231, and we find them to be without merit. We do not believe that they require discussion in this opinion.

[2] The disposition of motions under Fed. R. Civ. Proc. 60(b) is committed to the discretion of the district court. Mayberry v. Maroney, 529 F.2d 332, 335 (3d Cir. 1976). See also C. Wright & A. Miller, Federal Practice and Procedure § 2857 (1973).

[3] We do not decide the question of whether a district court can grant relief under Fed. R. Civ. Proc. 60(b) absent a motion by the aggrieved party. Although the Rule itself states that such relief is to be granted "[o]n motion," there is some authority for the proposition that a court may act sua sponte. See McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962).

Moore has written, Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case." 7 J. Moore, Federal Practice ¶ 60.27 [2] at 375 (2d ed. 1975). At the same time, however, that Rule does not confer upon the district courts a *"standardless* residual discretionary power to set aside judgments." (Emphasis added.) Mayberry v. Maroney, 558 F.2d 1159 (3rd Cir. 1977) at 1163, quoting Mayberry v. Maroney, 529 F.2d 332, 337 (3d Cir. 1976) (Gibbons, J., concurring). In particular, "Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances." Stradley v. Cortez, 518 F.2d 488, 493 (1975). See also Ackermann v. United States, 340 U.S. 193, 199 (1950); Mayberry v. Maroney, 558 F.2d 1159 (3rd Cir. 1977) at 1163; Vecchione v. Wohlegemuth, 558 F.2d 150 (3rd Cir. 1977) at 159; John E. Smith's Sons Co. v. Latimer Foundry & Machine Co., 239 F.2d 815, 817 (3d Cir. 1956); Federal Deposit Insurance Corp. v. Alker, 234 F.2d 113, 116–17 & n.6 (3d Cir. 1956). In addition, courts must be guided by "the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal." In re Imperial "400" National, Inc., 391 F.2d 163, 172 (3d Cir. 1968). See also Ackermann v. United States, supra, at 198. It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal. See Klapprott v. United States, 335 U.S. 601, 613–14 (1949); Ackermann v. United States, supra, at 199–202.

In the instant case, none of the factors noted by the district court in granting relief from its previous order can satisfy the standards set out above. The first factor noted by the district court was that its previous ruling was based upon an erroneous interpretation of the applicable law. The judge wrote that the district court judges in the Virgin Islands have never

explicitly held the thirty (30) day time requirement to be an *absolute* jurisdictional impediment. To be sure, there is language in many of our opinions which, upon first blush, would seem to so indicate. However, a careful reading of those cases would quickly reveal that the ultimate holding was always carefully confined and limited to the particular underlying factual situations. Thus, while the 30 day rule is generally rigid and unforgiving, circumstances have existed and may always continue to exist when the rule must be allowed to bend—in the greater interests of justice.

Memo. Op. of Aug. 27, 1976, at 3.

It is obvious that this factor—legal error—does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Courts of Appeals. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6). We know of no authority to the contrary.[4]

The second factor noted by the district court was that its previous ruling in McBean's case was inconsistent with past precedent and with some of its subsequent rulings. The court wrote:

Both before and after entering the Dismissal Order in this case, I had ignored the rigidities of Rule 11(a) in other cases dealing with petitioning government personnel. For some reason (which I can no longer remember, let alone justify), I chose to treat McBean differently. Fundamental fairness dictates that this error be corrected.

Memo. Op. of August 27, 1976 at 4. We see no reason why this alleged error could not have been remedied on appeal

---

[4] Some cases have held that legal error without more cannot be corrected under any of the subdivisions of Rule 60(b). E.g., Silk v. Sandoval, 435 F.2d 1266, 1267–68 (1st Cir. 1971). Others have suggested that legal error can be characterized as a "mistake" within the meaning of Rule 60(b)(1) and that it can be corrected under that Rule provided that the correction is made within the time allowed for appeal under Fed. R. App. Proc. 4. E.g., Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir. 1964). In the instant case, it is obvious that Rule 60(b)(1) cannot be invoked. The district court did not grant relief until two and one-half years after the entry of its previous order. That period far exceeded both the time for appeal (30 days) and the one year time limit applicable to all motions under Rule 60(b)(1).

had an appeal been filed by McBean. As a result, the use of Rule 60(b)(6) is not appropriate.

The third factor mentioned by the district court is that it may have been somewhat too impatient with McBean's lack of legal skills. The court wrote:

McBean's petition was the first pro se proceeding I had encountered since my appointment to the Bench. That being the case, it may have been that I resolved the Scylla and Charybdis dilemma—insuring that form did not dominate substance and that each and every litigant had his day in court vs. seeking to discourage frivolous and unfounded claims which can only serve to further clog an already over-worked judicial machinery—incorrectly or inequitably in his instance. It is for that reason that I reach herein arguments which, strictly speaking, should be res judicata by virtue of that January 30, 1974 Order.

Since then, I have entertained numerous pro se complaints and petitions with McBean being the unchallenged and unrivaled leader in both voluminousness and pestiferousness.

Memo. Op. of June 24, 1976, at 9.

Once again, however, there was no reason why McBean could not have raised such an issue on appeal. The Courts of Appeals have frequently reversed district court rulings which have inflexibly applied various procedural rules to pro se litigants. See, e.g., French v. Heyne, 547 F.2d 994, 996 (7th Cir. 1976); Hepperle v. Johnston, 544 F.2d 201, 202 (5th Cir. 1976); Frankos v. LaVallee, 535 F.2d 1346, 1347 (2d Cir. 1976); Scott v. Plante, 532 F.2d 939, 945 (3d Cir. 1976).

■ The final feature present in this case is the most serious. The district court described this factor well when it characterized McBean as a "pro se petitioner par excellence." While it is true that the right of self-representation "is not a license [excusing compliance] with relevant rules of procedural and substantive law,"[5] if a pro se litigant did not understand that errors committed by the

---

[5] Faretta v. Calif., 422 U.S. 806, 835 n.46 (1975).

district court could be reviewed on appeal, it might be appropriate under some circumstances to grant relief from the district court's order or judgment under Rule 60(b)(6). We need not decide that issue in this case, however, because here it is quite evident that McBean appreciates the function of an appeal and the procedures which must be followed in order to take advantage of that right. McBean has taken at least three appeals to this Court.[6] Consequently, the conclusion is inescapable that McBean

> made a considered choice not to appeal. . . . [He] cannot be relieved of such a choice because hindsight seems to indicate . . . that his decision not to appeal was probably wrong. . . . There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

Ackermann v. United States, supra, at 198. This is true for pro se litigants as well as for litigants represented by members of the legal profession. Cf. Faretta v. California, 422 U.S. 806, 835–36 (1975).

■ It should be understood that in reversing the district court's judgment of August 27, 1976, we are not deciding the merits of either the issues which first prompted the district court to dismiss McBean's claims or those which ultimately persuaded the district court to grant him relief. Our decision here is restricted wholly to the propriety of utilizing Fed. R. Civ. Proc. 60(b)(6) to invalidate a legal conclusion rendered two and one-half years earlier regardless of whether or not that conclusion was correct. We are not unmindful of the conscientiousness, diligence, and

---

[6] Martinez-McBean v. Govt. of Virgin Islands, 562 F.2d 908 (3rd Cir. 1977); Martinez-McBean v. American Fed. of Teachers, 13 V.I. 691 (3rd Cir. 1977; Martinez-McBean, 75-2128 (3rd Cir., filed October 3, 1975) (unpublished order). In addition, McBean filed a notice of appeal to this Court in Martinez-McBean v. Govt. of Virgin Islands, Civ. No. 1974-771 (D. V.I. Dec. 13, 1974). For some reason, that appeal was never docketed.

unsparing self-examination exhibited by Judge Young, who, recognizing what he believed to be an error in his initial reasoning, which error he believed worked an injustice upon McBean, thereupon sought to correct that error on his own initiative. The spirit which led to the district court's reexamination of its earlier decision is to be commended. Actions such as this one taken by Judge Young are the threads out of which our finest legal traditions are woven. Nevertheless, we cannot sustain the district court's judgment of August 27, 1976. Despite our unhappiness with the dilatory action of GESC and despite our recognition and appreciation of the district court's efforts, we are forced to conclude that in this case there is not "sufficient evidence of circumstances so exceptional that our overriding interest in the finality and repose of judgments may properly be overcome." Mayberry v. Maroney, No. 76-2296, (3d Cir., filed July 7, 1977) at 11.[7]

The judgment entered by the district court on August 27, 1976, will be reversed and the order of January 30, 1974, dismissing McBean's action will be reinstated. Each party is to bear its own costs.

---

[7] We also note that a motion for relief under Fed. R. Civ. Proc. 60(b)(6) must be made within a "reasonable time." In this case, the district court did not grant relief under Rule 60(b)(6) until two and one-half years after the entry of its previous order. Even if we were convinced that this case involved "extraordinary circumstances and that the record contained sufficient evidence thereof," we would still have serious doubts as to whether there had been compliance with the "reasonable time" requirement applicable to Rule 60(b)(6).