

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# Virgin Records v. Sparano

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4603

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Virgin Records v. Sparano" (2007). *2007 Decisions*. Paper 561.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/561

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4603
_____

VIRGIN RECORDS AMERICA, INC.

v.

KIM SPARANO; DOES No. 1-50, Inclusive; XYZ COMPANY No. 1-50, Inclusive;
BENJAMIN SPARANO,

Kim Sparano; Benjamin Sparano,

Appellants

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 05-cv-02511)
District Judge: Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 17, 2007

Before: RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed August 21, 2007 )

_____

OPINION
_____

PER CURIAM

On October 6, 2006, the district court denied Kim and Benjamin Sparano's motion

to reconsider the July 19, 2006 denial of their motion to declare null and void their stipulation with Virgin Records America, Inc. ("Virgin"). We will affirm.

I.

On May 12, 2005, Virgin filed a complaint in the U.S. District Court for the District of New Jersey asserting that pro se defendant Kim Sparano[1] infringed Virgin's copyrights by releasing and distributing certain sound recordings over the internet. On May 18, 2006, the district court issued a final judgment and order after the parties settled the case through a stipulation. However, on June 12, 2006, after Virgin accused the Sparanos of violating the stipulation, the Sparanos filed a motion to declare the stipulation and May 18th order null and void. The district court denied the motion on July 19th, and on August 8th, the Sparanos filed a "Motion to Reconsider."

The Sparanos did not specify the legal foundation of the motion to reconsider; however, the district court determined that their "assertions [we]re best framed and evaluated under the rubric of Fed. R. Civ. P. 60(b) . . . ." And on October 6, 2006, the district court denied the motion because it merely reiterated the arguments advanced in the Sparanos' motion to declare the stipulation null and void and failed to present new evidence or a change in controlling law.[2] The Sparanos appealed from the October 6th

---

[1] Ms. Sparano is a non-practicing attorney licensed in New Jersey. Benjamin Sparano, Ms. Sparano's son, was added as a defendant in May 2006.

[2] Although the district judge stated that he considered the motion a Rule 60(b) motion, he apparently evaluated it under the Rule 59(e) standard. Nevertheless, we

order on October 26, 2006.

## II.

Subject to certain exceptions, a notice of appeal must be filed within thirty days from the entry date of the disputed order. Fed. R. App. P. 4(a)(1)(A). We cannot review the July 19th order because the Sparanos filed their notice of appeal on October 26th—well outside the thirty-day deadline. Moreover, the Sparanos' August 8, 2006 motion to reconsider did not toll the time for filing the appeal because it was filed more than ten days after the July 19th order. Fed. R. App. P. 4(a)(4)(A).

The notice of appeal is timely, however, as to the October 6, 2006 order denying the motion to reconsider because the district court considered it a Rule 60(b) motion. When a motion is "filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion." Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). The thrust of the Sparanos' motion to reconsider was that the stipulation that ended the litigation was "not fairly arrived at" due to Virgin's misrepresentations and omissions. They also alleged that the district court erred by determining that they had not presented "clear and convincing proof" that the stipulation should be rescinded. Because the motion, under a

affirm the denial of the motion because it cannot survive review under the Rule 60(b) standard.

liberal reading, included grounds cognizable under Rule 60(b)(3), i.e., fraud or misrepresentation, the district court's determination that it be considered a Rule 60(b) motion was appropriate.  See Ahmed, 297 F.3d at 208-09.

III.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and the denial of a Rule 60(b) motion is reviewed for abuse of discretion.  Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) ("An abuse of discretion may be found when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.") (internal citation omitted).  Additionally, an appeal from the denial of a Rule 60(b) motion places at issue only the denial of the motion for review, not the merits of the underlying decision.  Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988).

The Sparanos' motion does not expressly cite to any of Rule 60(b)'s enumerated grounds for relief, and in fact does not cite Rule 60 at all; however, the Sparanos contend that Virgin made material misrepresentations and omissions to induce them to sign the stipulation that ended the litigation.  Thus, the motion could be read as falling under Rule 60(b)(3) as well as the "catchall" of 60(b)(6).  There are, however, no "extraordinary circumstances" present that warrant reconsideration under Rule 60(b)(6).  See Reform Party, 174 F.3d at 311.  Additionally, as the district court recognized, the Sparanos' motion essentially reargues the merits of their original motion to declare the stipulation

4

null and void and disagrees with the district court's conclusions that they did not support their allegations with the required clear and convincing evidence. Such contentions do not justify relief under Rule 60.[3] Accordingly, the district court did not abuse its discretion in denying the Sparanos' motion to reconsider.

For the foregoing reasons, we will affirm the district court's October 6, 2006 order.

---

[3] It appears that the Sparanos were attempting to use the motion to reconsider as a substitute for appeal, which is not allowed. Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) ("[I]t is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal.").