

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# Nunez v. Temple Prof Assoc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1082

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"Nunez v. Temple Prof Assoc" (2007). *2007 Decisions.* Paper 564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1082

———————

LUIS E. NUNEZ, M.D.,

Appellant

v.

TEMPLE PROFESSIONAL ASSOCIATES;
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.;
TEMPLE PHYSICIANS, INC.

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-06226)
District Judge: Hon. Legrome D. Davis

———————

Submitted under Third Circuit LAR 34.1(a)
on March 30, 2007

Before: FISHER, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed August 21, 2007  )

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

On November 13, 2003, Luis Nunez, M.D., brought suit against Temple Professional Associates (TPA), Temple University Health Systems, Inc. (TUHS), and Temple Physicians, Inc. (TP) (collectively "Temple"), alleging that Temple had violated the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §§ 621-634, violated the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955, breached an employment agreement, and violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 by mis-classifying Nunez in order to avoid paying him employee benefits.

In October 2001, Dr. Luis Nunez, then 65 years of age, had been hired by Temple to provide temporary services at their Comprehensive Health Clinic (CHC) at the Episcopal Campus of Temple University Hospital. Dr. Nunez was hired because one of the clinic's physicians, Dr. David Stricklan, who was responsible for supervising residents in the internal medicine residency program at CHC, had just tendered his resignation, effective January 1, 2002. Dr. Stricklan had been asked to resign by Temple because he was not board-certified. Accordingly, Temple hired Dr. Nunez to cover for Dr. Stricklan who was frequently absent during the time leading up to his departure date. In December 2001, in anticipation of Dr. Stricklan's departure, Dr. Nunez and Temple entered into a formal employment agreement for a period of one year, effective January 2, 2002, which could be terminated by either party upon 30-day notice. Dr. Nunez, however, was not considered as a full-time replacement for Dr. Stricklan, as Dr. Nunez, too, was not board-certified, which was a requirement for the

2

position vacated by Dr. Stricklan.

In March 2002, Temple hired Dr. Gladys Fion, who was approximately 30 years old, to take the position vacated by Dr. Stricklan. Dr. Fion is board-certified in both infectious disease and internal medicine. Instead of terminating Dr. Nunez's employment at this time, Temple transferred him to the Temple Community Medical Center where another position had opened up due to a physician's retirement. Again, Dr. Nunez was not considered as a full-time replacement because he was not board-certified and did not have the required background. Dr. Nunez filled this position until July 1, 2002, at which time Temple notified him that his last day of employment would be July 2, 2002. Temple had hired Dr. Daniel Hernandez, who had recently completed residency in family practice, as a full-time replacement for the position.[1] Temple notified Dr. Nunez, now 66 years old, that he would be paid until August 24, 2002, in light of the 30-day notice requirement in the December 2001 employment agreement. Temple interpreted this provision as requiring 30-day notice before ending Dr. Nunez's pay.

After Dr. Nunez brought suit against Temple, both parties filed cross-motions for summary judgment. Summary judgment was granted in favor of Temple on the breach of contract and ERISA counts.[2] Both parties were denied summary judgment on the ADEA and

[1] Dr. Hernandez was not board-certified when he was hired, but he was board-eligible and planning to take the board-certification test. He has since become board-certified.

[2] Dr. Nunez claims, in his appellate briefs, that the District Court improperly dismissed the ERISA count on summary judgment. However, in his notice of appeal, Nunez does not appeal the dismissal of this count. Because his appeal is limited to his three post-trial

3

PHRA counts.

In preparation for trial on the remaining counts, Dr. Nunez filed proposed jury instructions which, in part, included references to a disparate impact theory of liability. In response, Temple filed a motion in limine asking that Dr. Nunez be precluded from offering evidence under a disparate impact theory. The District Court granted Temple's motion.

A four-day trial was held on the ADEA and PHRA counts. The jury returned a verdict in favor of Temple on both counts. On July 15, 2005, Dr. Nunez filed a Rule 60 motion for judgment, or, in the alternative, a Rule 59 motion for a new trial. Further, on November 22, 2005, Dr. Nunez filed a Rule 50 motion for judgment. All three motions were denied by the District Court. Dr. Nunez's notice of appeal stated that he appealed from the "Orders of the . . . District Court . . . dated December 13, 2005, denying Plaintiff's Rule 59 and Rule 60 Post Trial Motion entered in this action of the 13th day of December 205, and the order denying Plaintiff's Rule 50 Motion, dated December 20, 2005, entered in this action on the 21st day of December 2005."

## I. DISCUSSION

The District Court had jurisdiction over the federal claims pursuant to 29 U.S.C. § 626(c), 29 U.S.C. § 1132, and 29 U.S.C. § 1331. The District Court also exercised supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. We have

---

motions, we will not disturb the dismissal of the ERISA count by the District Court on summary judgment. Nonetheless, even if we were to review the grant of summary judgment on this count, we would affirm it.

4

appellate jurisdiction pursuant to 28 U.S.C. § 1291.

**A. Rule 59 Motion For A New Trial**

We review Dr. Nunez's Rule 59 motion for a new trial to determine whether the District Court abused its discretion in precluding Dr. Nunez from making a claim for disparate impact. *See In re Merritt Logan, Inc.*, 901 F.2d 349, 359 (3d Cir. 1990). We exercise plenary review to determine whether the District Court erred in its charge to the jury. *See Savarese v. Agress*, 883 F.2d 1194, 1202 (1989).

Dr. Nunez contends that his Rule 59 motion was improperly denied because the District Court erred in charging the jury and erred in granting Temple's motion in limine precluding Dr. Nunez from offering evidence in support of a disparate impact theory. Specifically, Dr. Nunez alleges that the jury instructions did not inform the jurors that they could infer discrimination based on a disbelief of Temple's reason for terminating his employment. Dr. Nunez asserts that the District Court did not satisfactorily instruct the jurors that they were entitled to infer discrimination if the jurors disbelieved Temple's explanation for its actions and found that the plaintiff had established the facts needed for a prima facie case of discrimination pursuant to the burden-shifting paradigm found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792. However, a juror's mere disbelief of defendants' explanation coupled with a prima facie case of discrimination does not compel a finding of unlawful discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). The ultimate burden of proof lies with a plaintiff in persuading the jury to find that

5

the defendants intentionally discriminated against the plaintiff. If the jurors are not convinced by the defendants' proffered reason for terminating employment but still do not believe that there was intentional discrimination, then the plaintiff fails to meet his burden of proof. *See id*.

Our review of the jury instructions demonstrates that, viewed as a whole and in light of the evidence, they "fairly and adequately submit[ted] the issues in the case to the jury," *Link v. Mercedes-Benz of N. Am.*, 788 F.2d 918-22 (3d Cir. 1986).[3]

As for the disparate impact theory, a discrimination claim based on disparate impact and one based on disparate treatment are two distinct causes of action. *See Smith v. City of Jackson, Miss.*, 544 U.S. 228, 231-32 (2005); *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). Allowing Dr. Nunez to advance a disparate impact theory would have unfairly prejudiced Temple by introducing a new cause of action very close to the trial date.

**B. Rule 60 Motion For Relief From Judgment**

We review the District Court's denial of Dr. Nunez's Rule 60 motion for abuse of discretion. *Lorenzo v. Griffith*, 12 F.3d 23, 26 (3d Cir. 1993).

Dr. Nunez contends that the District Court erred in denying his Rule 60(b)[4] motion

---

[3] Included in our review of the jury instructions and Dr. Nunez's proferred instructions, was Dr. Nunez's requested instruction for employee benefits as he had demanded in his ERISA count. Because Dr. Nunez did not request these benefits in his ADEA count – the count that went to the jury, the District Court did not err in not including this demand in the jury instructions.

[4] Although Dr. Nunez does not specify whether his motion is made under Rule 60 (a) or (b), since it is not a Rule 60(a) motion for correction of a clerical mistake, we presume it is

6

because the court improperly granted summary judgment in favor of Temple on Dr. Nunez's breach of contract claim. A Rule 60(b) motion cannot, however, be employed as a substitute for an appeal. If Dr. Nunez wanted to contest the propriety of the award of summary judgment on the ERISA and breach of contract counts, he should have done so by appeal after a final order in the case was entered.[5] We cannot grant relief under Rule 60(b) if a party could have reasonably sought the same relief by means of an appeal. *See, e.g., Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 9089, 912 (3d Cir. 1977).

### C. Rule 50 Motion For Judgment As A Matter Of Law

Finally, Dr. Nunez contends that his Rule 50 motion was denied improperly because the District Court allowed Temple to use board-certification as an employment criterion to justify his employment termination. Specifically, Dr. Nunez alleges that Temple should have been precluded, as a matter of law, from using board-certification as a criterion for employment based on 29 C.F.R. Part 1607, which establishes a set of uniform guidelines designed to assist employers in complying with federal law prohibiting employment practices that discriminate on grounds of race, color, religion, sex, and national origin. 29 C.F.R. §

---

a Rule 60(b) motion.

[5] Nonetheless, even if we were to consider whether summary judgment for the breach of contract count was properly granted, we would still affirm the order of the District Court. Under Pennsylvania law, *see Schecter v. Watkins*, 577 A.2d 585, 587 (Pa. Super. 1990) either the employer or the employee may terminate an employment agreement, containing a definite period of employment, without a showing of cause so long as the contract also contains an explicit early termination provision. Since the employment agreement between Dr. Nunez and Temple contained an early termination agreement, we would decline to impose a good cause requirement for terminating Dr. Nunez's employment.

7

1607.1. These guidelines were made applicable to age discrimination pursuant to 29 C.F.R. § 1625.7, but they apply in a disparate impact context. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 955 n.3 (1988). Dr. Nunez alleges that Temple violated these guidelines in using board-certification as a criterion for employment. Since he failed to raise a disparate impact claim in a timely manner, Dr. Nunez was foreclosed from asserting a theory of disparate liability at trial. Consequently, Dr. Nunez's argument that Temple be precluded from asserting board-certification as an employment criterion is inapplicable.

## II. CONCLUSION

For the reasons set forth above, we will affirm the December 13, 2005, and the December 20, 2005, orders of the District Court denying Dr. Nunez's Rule 60, Rule 59, and Rule 50 motions.