

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2007

# Parker v. Univ PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Parker v. Univ PA" (2007). *2007 Decisions.* Paper 452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-365                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1648
_____

GORDON ROY PARKER,

Appellant

v.

UNIVERSITY OF PENNSYLVANIA,
A PENNSYLVANIA NONPROFIT CORPORATION
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-00567)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B) and/or
Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: September 11, 2007)
_____

OPINION
_____

PER CURIAM

    Appellant Gordon Roy Parker submitted his resume electronically to the

University of Pennsylvania's human resources web site on July 16, 2001.  Neither his

resume nor his cover letter indicated that he was applying for any open or available position. Parker also wrote a letter to the University's Office of Affirmative Action on July 27, 2001, demanding a job and complaining about discrimination against white males. This letter, or "grievance," omitted any reference to Parker having posted his resume on the human resources web site two weeks before. On October 23, 2001, when he had not received a call for an interview, he filed a charge of discrimination with the Equal Employment Opportunity Commission.

After receiving his Notice of Right to Sue, Parker filed a complaint pro se against the University, alleging claims of race and gender discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 et seq. (West 2003), and a claim of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (West 1995). After a period of discovery, the parties filed cross-motions for summary judgment, and, in a judgment entered on September 10, 2004, the District Court awarded summary judgment to the University on the race and gender discrimination and retaliation claims. (The disability claim had been dismissed as a sanction earlier in the litigation.) Leave to amend was denied. We affirmed, and denied Parker's petition for rehearing on June 27, 2005. On November 28, 2005, the United States Supreme Court denied certiorari.

On July 12, 2006, Parker filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), in which he argued that there had been a change in the

law concerning retaliation claims under Title VII.[1]  Parker argued that his retaliation case should be re-opened on the basis of the Supreme Court's June 22, 2006 decision in Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405 (U.S. 2006).  The University submitted a response to the Rule 60(b)(6) motion, contending that Burlington Northern was decided after Parker's case had fully concluded on direct review and it thus did not apply retroactively, see Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993), and, even if it did apply retroactively, it did not warrant reopening the case because the District Court's grant of summary judgment did not rest on the application of an improper standard.  In an order entered on February 1, 2007, the District Court denied the Rule 60(b) motion upon consideration of the University's response in opposition to it.

Parker appeals.  His motion to appeal in forma pauperis was granted by our Clerk and he was notified that his appeal would be considered under 28 U.S.C. § 1915(e)(2)(B).  An appeal is frivolous when it lacks an arguable basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  We review a district court's denial of a Rule 60(b) motion for abuse of discretion.  See United States v. 27.93 Acres of Land, 924 F.2d 506, 516 (3d Cir. 1991).  Relief under Rule 60(b)(6) is available only in cases that involve extraordinary circumstances.  Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977).  Because of the societal interest in the finality of judgments, intervening developments in the law by themselves rarely constitute the extraordinary

---

[1]Parker also complained about the Supreme Court's decision to deny certiorari, a decision we have no authority to review.

3

circumstances required for relief under Rule 60(b)(6).  See Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999).

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).  In awarding summary judgment to the University on the retaliation claim, the District Court applied this standard to establish a prima facie case under Title VII: a plaintiff must offer evidence that:  (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action.  Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995).  Prior to Burlington Northern, as to the second element of the prima facie case, we required those claiming unlawful retaliation to show an "adverse employment action" that "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee."  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997) (internal quotation marks omitted).

The Supreme Court disagreed with that formulation in Burlington Northern, finding that the discrimination and retaliation provisions of Title VII have different statutory language and different purposes, and accordingly, "that the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment."  Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006) (quoting Burlington Northern, 126 S. Ct. at 2412-13).  The Court concluded that "[t]he scope of the anti-retaliation provision extends beyond

4

workplace-related or employment-related retaliatory acts and harm." Id. at 2414.

Consistent with this view, the Court held, with respect to the second element of a prima facie case, that a plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory actions "materially adverse" in that they "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 2415.

In his Rule 60(b)(6) motion, Parker contends that his case would have survived summary judgment under Burlington Northern. This contention has no arguable basis in law or fact. Although the Supreme Court in Burlington Northern, 126 S. Ct. 2405, disagreed with our formulation in Robinson, 120 F.3d at 1300, with respect to the second element of the prima facie case, the District Court in Parker's case found that he had successfully alleged a prima facie case of retaliation. His case was not dismissed at the summary judgment stage for failure to prove an adverse employment action as that standard was formulated in Robinson.[2] The District Court instead found that the University had stated a legitimate, non-retaliatory reason for its actions. The District Court instructed Parker to prove that the University's explanation was a pretext for retaliation, see Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir. 2003),

---

[2]Our affirmance in Parker v. University of Pennsylvania, No. 04-3688 (3d Cir. April 18, 2005), in which we found a prima facie case lacking because Parker failed to show the existence of a causal link between the protected activity and the alleged harm is not to the contrary. Burlington Northern left undisturbed the third requirement of a causal link between the protected activity and the harm alleged. Moore, 461 F.3d at 341-42.

5

but Parker failed to come forward with any evidence to prove pretext and thereby establish the existence of a triable issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. Pro. 56(e). Pretext was not an issue in the Burlington Northern case, and thus nothing in that case undermines the District Court's summary judgment determination. No extraordinary circumstances are shown here and, thus, the District Court did not abuse its discretion in denying Parker's Rule 60(b)(6) motion.

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).