OPINION
PER CURIAM.
Lawrence Wilder appeals from an order of the District Court denying his “motion to reopen” pursuant to Federal Rule of Civil Procedure 60(b), and denying his motion for appointment of counsel as moot.
Wilder filed the Rule 60(b) motion on March 5, 2009, seeking reconsideration of a June 11, 2002 order dismissing his civil rights complaint with prejudice. According to Wilder, he has “new evidence to [sic] the defendants’ guilt.” We agree with the District Court that Wilder’s motion is untimely because it was filed almost seven years after the challenged order was entered. See Fed.R.Civ.P. 60(c)(1) (“A *736 motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding”); Moolenaar v. Gov’t of V.I., 822 F.2d 1342, 1348 (3d Cir.1987) (two years not a “reasonable time” for 60(b) purposes); Martinez-McBean v. Gov’t of V.I., 562 F.2d 908, 913 n. 7 (3d Cir.1977) (expressing “serious doubts” that two and one half year delay in filing Rule 60(b) motion would comply with “reasonable time” requirement).[1]
There being no substantial question presented by Wilder’s appeal, we will summarily affirm the District Court’s order denying both his Rule 60(b) motion and his motion for appointment of counsel. See LAE 27.4; I.O.P. 10.6.

. Even if Wilder's motion were timely, he would be unable to bear the "heavy burden" for demonstrating entitlement to Rule 60(b) relief. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir.1991). Specifically, the alleged "newly discovered evidence" (an EEOC press release describing a settlement in an unrelated matter) is not "material” to Wilder’s case. Id. Nor would it "probably have changed the outcome of the trial.” Id.