**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1880
_____

In re: DESPINA SMALIS,
                            Debtor

ERNEST SMALIS,
                            Appellant

v.

HUNTINGDON BANK; PA CAPITAL BANK;
THREE RIVERS BANK; and SKY BANK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:16-cv-01447)
District Judge:  Honorable Mark R. Hornak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 9, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

At the heart of this appeal is a May 19, 2006 consent order ("the Consent Order") entered in an adversary proceeding brought by Ernest Smalis in relation to his ex-wife's bankruptcy case. Smalis initiated that proceeding against the plaintiff-mortgagee (and others; collectively, "the Banks") in a closed foreclosure action concerning property that had been owned by Smalis, his ex-wife, and their children. In essence, Smalis was attempting to use the adversary proceeding to re-litigate in the Bankruptcy Court his unsuccessful foreclosure defense, to wit: that the mortgage lien had been satisfied pre-foreclosure and that transfers in ownership of the mortgage were invalid. The Consent Order resolved the adversary proceeding and provided for mutual release of all claims related to the mortgage and note for the foreclosed-upon property.

Nine years after entry of the Consent Order, Smalis filed in the Bankruptcy Court a new adversary complaint with a familiar hook. He claimed that his property was improperly foreclosed upon (because, allegedly, there was no outstanding mortgage lien at the time), resulting in a violation of constitutional due process. The Banks, named as defendants, moved under Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss the adversary complaint.[1] The Banks also moved for sanctions. Smalis opposed the Banks' motions and simultaneously moved under Fed. R. Civ. P. 60(b) to vacate the Consent Order, claiming it was signed on his behalf but without his express authorization.[2] The Bankruptcy Court

---

[1] Rule 12(b) applies in adversary proceedings pursuant to Fed. R. Bankr. P. 7012(b).

[2] Rule 60(b) applies in adversary proceedings pursuant to Fed. R. Bankr. P. 9024.

denied Smalis's motion to vacate, granted the Banks' motion for sanctions in part,[3]

granted the Banks' motion to dismiss, and later denied reconsideration. Smalis appealed.

The District Court affirmed and denied reconsideration. Smalis then filed this appeal.[4]

We will affirm. We perceive no error in the District Court's determination that the

Bankruptcy Court properly exercised its discretion to deny Smalis's Rule 60(b) motion as

untimely. The motion, filed ten years after entry of the Consent Order, did not comply

with the one-year limitations period of Rules 60(b)(1)-(3), and was unreasonably belated

for purposes of Rules 60(b)(5)-(6).[5] In addition, we do not perceive—and Smalis does not

---

[3] The sanction imposed by the Bankruptcy Court was limited to a filing injunction. In this appeal, Smalis does not challenge the injunction.

[4] The District Court had subject matter jurisdiction under 28 U.S.C. § 158(a)(1). Smalis's argument to the contrary, see Smalis Br. at 2, conflates the issue of whether the District Court had jurisdiction to act with the issue of whether its merits disposition was correct, and we reject it. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. Insofar as we are reviewing the underlying determinations of the Bankruptcy Court, "we stand in the shoes of the district court, applying a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions." In re IT Group, Inc., 448 F.3d 661, 667 (3d Cir. 2006) (citation omitted). Our review of rulings on Rule 60(b) motions generally is for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (abuse-of-discretion review, except where determination is under Rule 60(b)(4), in which case review is plenary); see also In re Glob. Energies, LLC, 763 F.3d 1341, 1347 (11th Cir. 2014) (per curiam). We also review for abuse of discretion rulings on motions for reconsideration. Jones v. Does 1-10, 857 F.3d 508, 511 n.2 (3d Cir. 2017).

[5] On appeal, Smalis only briefly addresses the timing of his Rule 60(b) motion. Smalis was incarcerated from 1999 to 2010, and he argues that, because of an address change during that time, he did not receive notice of the Consent Order upon its entry on the docket in May 2006. See Smalis Br. at 13. Hypothetically, if we were to accept that argument—which runs counter to the factual findings of the Bankruptcy Court, findings Smalis has not proven are clearly erroneous and to which deference is thus appropriate—

3

identify—any error in the District Court's determination that Smalis's latest adversary proceeding was in all legally relevant ways duplicative of the one resolved by the Consent Order and was thus properly dismissed by the Bankruptcy Court on grounds of claim preclusion under federal law. See Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (preclusive effect of federal-court judgment determined by federal common law); CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) ("'Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action.'") (citation omitted). Finally, as we perceive no errors in the resolution of Smalis's bankruptcy appeal by the District Court, we conclude that it did not abuse its discretion in denying reconsideration.

---

it would get Smalis only so far (and not far enough). For as early as April 2012, Smalis was actively litigating in his ex-wife's bankruptcy case (the docket for which hosts the Consent Order), and was arguing in court filings that he never "gave permission to [his former attorney] Robert Lampl to sign[] my name on any settlement" of Smalis's first adversary proceeding. BK No. 05-31587, ECF 135 at 4; cf. Bridgeport Music, Inc. v. Smith, 714 F.3d 932, 943 (6th Cir. 2013) (Rule 60(b) movant's filings in related litigation a factor cutting against reasonableness of motion's timing). And that was four years before Smalis filed his Rule 60(b) motion: an unreasonable delay by itself, under the circumstances. See Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 913 n.7 (3d Cir. 1977) (doubting that 2.5-year delay would comply with "reasonable time" requirement).

Furthermore, we add that while the time limits of Rule 60(c)(1) do not necessarily apply to motions under Rule 60(b)(4), see United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000) (en banc), Smalis's claim below is not fairly construed as one arguing that the Consent Order was "void" as a jurisdictional matter, i.e. that the Bankruptcy Court "lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted). Such a claim would fail on the merits, regardless, for the reasons given by the District Court.