**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2187
_____

CHRIS ANN JAYE,
Appellant

v.

OAK KNOLL VILLAGE CONDOMINIUM OWNERS ASSOCIATION, INC.; ERICK
P. SPRONCK; ROBERT A. STEPHENSON; DENNIS LEFFLER; KELLY JONES;
JENNIFER COOLING; KONSTANTINOS RENTOULIS; THE ESTATE OF JOSEPH
COUSINS f/k/a JOSEPH COUSINS (deceased); MARILYN COUSINS; LES GIESE;
ANNE THORNTON; MAINTENANCE SOLUTIONS, INC., its agents and assigns;
CONDO MANAGEMENT MAINTENANCE CORPORATION, its agents and assigns;
RCP MANAGEMENT; ACCESS PROPERTY MANAGEMENT, its agents and assigns;
FOX CHASE CONTRACTING, LLC, its agents and assigns; TRACY BLAIR;
BERMAN, SAUTER, RECORD & JACOBS, PC, its agents and assigns f/k/a BERMAN,
SAUTER, RECORD & JACOBS; KENNETH SAUTER, ESQ. and CPA; EDWARD A.
BERMAN, ESQ.; STEVEN ROWLAND, ESQ.; BROWN, MOSKOWITZ & KALLEN,
PC., its agents and assigns; HILL WALLACK, its agents and assigns; MARSHALL,
DENNEHY, WARNER, COLEMAN & GOGGIN, its agents and assigns; SUBURBAN
CONSULTING ENGINEERS, its agents and assigns; SCHNECK, PRICE, SMITH &
KING, LLP, its agents and assigns; THE LAW OFFICES OF ANN M. MCGUFFIN, its
agents and assigns; WILLIAMS TRANSCONTINENTAL GAS PIPELINE, its agents
and assigns; CLINTON TOWNSHIP SEWERAGE AUTHORITY, its agents and
assigns; PUMPING SERVICES, INC., its agents and assigns; J. FLETCHER-
CREAMER & SONS, its agents and assigns; STRATHMORE INSURANCE, its agents
and assigns; QBE INSURANCE CORPORATION, its agents and assigns;
COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., its agents
and assigns; MIRRA & ASSOCIATES, LLC, its agents and assigns; JOHN DOES 1-20
(Fictitious Names); STEPHENSON ASSOCIATES, INC.; HENKELS AND MCCOY,
INC., its agents and assigns; FREY ENGINEERING; GNY INSURANCE
COMPANIES, its agents and assigns
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:15-cv-08324)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 19, 2019
Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: August 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

In 2015, Chris Ann Jaye filed a complaint against numerous individuals and

businesses, alleging that they violated her rights in connection with several state court

cases. Those state cases involve a dispute between Jaye and her condominium

association regarding unpaid assessments and fees.

Various defendants moved to dismiss the complaint, arguing, inter alia, that the

District Court lacked jurisdiction under the Rooker-Feldman doctrine and the doctrine of

res judicata, that Jaye failed to state a claim for the federal causes of action, that the

applicable statutes of limitations had expired, and that Jaye had signed a stipulation of

dismissal in state court that precluded the federal suit. By order entered November 30,

2016, the District Court granted the moving defendants' motions and dismissed all claims

against all parties. Jaye sought reconsideration, but the District Court denied relief. Jaye

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

timely appealed, and we affirmed. <u>Jaye v. Oak Knoll Vill. Condo. Owners Ass'n</u>, 751 F. App'x 293, 300 (3d Cir. 2018) (not precedential).

Meanwhile, Jaye filed in the District Court various post-judgment motions. As relevant here, she moved to vacate an order that denied her motion reconsideration, her prior motions to vacate, and her motion for sanctions. (Dist. Ct. Doc. No. 367). She also filed a motion to consolidate the case with other District Court actions. (Dist. Ct. Doc. No. 384). Finally, she moved to correct the record and vacate the District Court's judgment of November 30, 2016. (Dist. Ct. Doc. No. 385). The District Court denied those motions by order entered May 18, 2018. (Dist. Ct. Doc. No. 397). Jaye filed a timely notice of appeal.[1] (Dist. Ct. Doc. No. 398).

We have jurisdiction pursuant to 28 U.S.C. § 1291, <u>see</u> <u>Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.</u>, 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable), and review the denial of Jaye's post-judgment motions for abuse of discretion. <u>See</u> <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b) motions); <u>Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.</u>, 785 F.3d 96, 102 (3d Cir. 2015) (motions to consolidate). We may affirm on any basis supported by the record. <u>See</u> <u>Fairview Twp. v. EPA</u>, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

---

[1] Although Jaye's notice of appeal identified numerous orders entered by the District Court prior to her earlier appeal, the notice of appeal is timely as to only the order entered May 18, 2018.

The District Court properly denied Jaye's motions. In her motion to vacate, (Dist. Ct. Doc. No. 367), Jaye alleged that the District Court improperly "transformed" three "valid, timely post-judgment motions[,]" (Dist. Ct. Doc. Nos. 312, 329, & 347), into untimely motions under Local Civil Rule 7.1(i). See Rule 7.1(i) (providing that, "[u]nless otherwise provided by statute or rule . . . , a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment . . . ."). But even if the District Court had treated Jaye's post-judgment motions as timely brought under Federal Rule of Civil Procedure 60(b), as Jaye contends it should have, she would not have been entitled to relief. A Rule 60(b) motion "may not be used as a substitute for an appeal, and . . . legal error, without more does not warrant relief under that provision." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). In her post-judgment motions, Jaye simply alleged legal error in orders entered prior to the appeal that resulted in our decision affirming the dismissal of her complaint. Because Jaye could have raised (and in some instances did raise) on appeal her arguments challenging the entry of the orders, relief was unavailable under Rule 60(b). See Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911-12 (3d Cir. 1977). Jaye's motion to vacate also sought to challenge the District Court's denial of her motion for sanctions. The District Court's denial of the motion for sanctions was proper, however. In that motion, (Dist. Ct. Doc. No. 330), Jaye repeated her allegation that some of the defendants had made false representations in their submissions to the District Court. But a Magistrate Judge had earlier concluded that those allegations were meritless, (Dist. Ct. Doc. No. 261), and Jaye's motion for

4

sanctions offered no basis upon which to revisit that determination. Accordingly, the District Court correctly denied Jaye's motion to vacate.

Furthermore, the District Court did not abuse its discretion in determining that consolidation of Jaye's District Court cases would be neither convenient nor economical "at this late date." Jaye filed a motion to consolidate the underlying action with three other cases that she had filed in the District of New Jersey. Notably, however, when Jaye filed the consolidation motion on April 6, 2018, judgments already had been entered in all the cases. Furthermore, in large part, those cases involved different parties.[2] In addition, Jaye's motion failed to explain what common questions of law or fact the cases shared. See Fed. R. Civ. P. 42(a). Under these circumstances, we agree that judicial economy would not have been served by consolidating Jaye's cases.

Finally, the District Court properly denied Jaye's motion to correct the record and to vacate the District Court's judgment of November 30, 2016. The District Court denied relief because, under Federal Rule of Civil Procedure 60(b), the motion was not filed within "a reasonable time" of the submissions and orders that she sought to challenge. Even if the motion were timely, however, we conclude that it lacked merit. With respect to the request to vacate, we have already affirmed the judgment entered by the District Court on November 30, 2016. See Jaye, 751 F. App'x at 300. In addition, Jaye failed to

---

[2] The underlying complaint named various individuals and businesses as defendants, and, while there was some overlap, the actions that Jaye sought to consolidate with that complaint were brought primarily against federal and state court judges, court staff, and the New Jersey Attorney General. Jaye v. NJ Attorney Gen. John Hoffman, D.N.J. Civ. No. 1:14-cv-07471; Jaye v. Hoffman, D.N.J. Civ. No. 1:16-cv-07771; Jaye v. Fed. Judge Michael Shipp, D.N.J. Civ. No. 1:17-cv-05257.

5

adequately support her assertions that certain defendants misled the District Court, that the District Court Clerk failed to enter a default against some of the defendants, that the District Court failed to adjudicate all her prior motions, and that the Judge Shipp was biased and had "a known conflict."

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] Jaye has filed in this Court numerous motions and letters, including requests for an injunction, to correct the record, and to suspend or disbar one of the appellees. After careful consideration of those requests, they are denied. We also deny the motions filed by appellees for summary action. The appellees' motions for sanctions and to preclude Jaye from filing further documents in the appeal are addressed in a separate order.