NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2021
_____

KENNETH ZAHL, M.D.,
                              Appellant,
v.

DOUGLAS J. HARPER, in his official capacity as
Senior Deputy Attorney General of the State of New
Jersey and Individually, solely to the extent of exposing
his person to the equitable jurisdiction of this Court; THE
NEW JERSEY DEPARTMENT OF LAW AND PUBLIC
SAFETY, DIVISION OF CONSUMER AFFAIRS; STATE
BOARD OF MEDICAL EXAMINERS; JOHN FARMER
in his official capacity as Attorney General of the State
of New Jersey and individually, solely to the extent of
exposing his person to the equitable jurisdiction of
the Court; THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of  New Jersey
(D.C. Civ. No. 01-cv-01264)
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2010

Before:  AMBRO, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed December 7, 2010)

_____

OPINION
_____

PER CURIAM

1

Appellant, Dr. Kenneth Zahl, appeals pro se from an order of the District Court denying his motion to reinstate his 2001 civil case and for leave to file an amended complaint, and an order denying a subsequently filed motion for reconsideration. For the reasons that follow, we will affirm.

The complicated procedural history of this matter is well-known to the parties. To summarize, in 1999, the Attorney General of New Jersey filed an eight-count disciplinary complaint against Dr. Zahl, a Board-certified anesthesiologist, seeking revocation of his medical license on the basis of dishonesty in his dealings with Medicare, his disability insurer, and a patient's insurer. Dr. Zahl's professional competence and the quality of care he provided to his patients were not at issue.

Before the disciplinary hearing took place, Dr. Zahl filed the instant civil action in the United States District Court for the District of New Jersey, seeking to restrain the state State Board of Medical Examiners from taking action against him. The District Court dismissed the case, abstaining under Younger v. Harris, 401 U.S. 37 (1971), and Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982) (policies underlying Younger are applicable to state disciplinary proceedings where attorney had full and fair opportunity to raise federal issues), holding that Congress did not expressly or impliedly preempt State bodies from holding disciplinary proceedings that raised issues under Medicare law. The court did not retain jurisdiction. Dr. Zahl appealed and we affirmed in Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002) (applying Younger and Garden State).

After administrative hearings came to an end, the Board concluded that Dr. Zahl willfully engaged in numerous dishonest acts over several years and maintained

2

improper patient records to conceal the dishonesty. He billed Medicare separately for each anesthetic procedure performed -- instead of billing for actual time spent on a procedure – even after he was told by an auditor not to do so; falsely identified other anesthesiologists in his practice as having assisted him when in fact they had not; lied to Equitable Life Insurance about being unable to perform anesthesia so as to induce it to make payments to him on a disability claim in the amount of $118,000; and once submitted an identical claim to two separate insurance carriers and received and retained payment from each. The Board revoked his license to practice medicine and surgery, assessed $30,000 in civil penalties, required him to make restitution to one of his patient's insurance carriers in the amount of $1,700, and imposed costs and attorneys fees in the sum of $232,694.36.

Dr. Zahl appealed to the Appellate Division of the New Jersey Superior Court, which stayed the revocation of his license provided he comply with the Board's billing supervision requirements. The Medical Society of New Jersey, appearing as amicus curiae, supported Dr. Zahl's argument on appeal that the penalty of license revocation was too harsh, noting that the total amount of Medicare overpayment was modest.[1] In a 74-page per curiam, the Appellate Division affirmed except to the extent of the penalty of license revocation, which it found unduly harsh. The court found Dr. Zahl's claim that he was denied due process during the administrative proceedings lacking in merit, and the court similarly rejected his claims of prosecutorial misconduct, including that the Attorney General withheld exculpatory documents. With respect to the penalty, however, the court was of the view that supervision over Dr. Zahl's billing and

---

[1] Dr. Zahl indicates that the amount at issue was $1,949. See Informal Brief, at 41.

record-keeping practices would adequately remedy the misconduct.  See In re: Kenneth Zahl, M.D., No. A-4177-02T5 (App. Div., N.J. Super. Ct. June 9, 2005).

The Board petitioned for certification on the penalty issue and prevailed. The state supreme court held that the Board did not exceed its statutory authority and discretion in concluding that Dr. Zahl's dishonesty warranted the revocation of his license.  See In re: Kenneth Zahl, M.D., 895 A.2d 437, 446 (N.J. 2006) (dishonesty alone may render physician unfit to practice medicine whether or not patient has been harmed by substandard care).  The court reasoned:

> The Board did not rest its penalty determination on Zahl's fraudulent conduct in a vacuum, divorced from the individual circumstances of his case.  Rather, the Board stated that it was affording particular deference to the ALJ's credibility judgment in respect of Zahl's shifting and inconsistent testimony.  Moreover, observing Zahl over the course of a seven-day hearing, the ALJ found that he lacked remorse and continued to exhibit a sense of entitlement to the fraudulently obtained funds.  As an appellate tribunal, we too defer to those credibility and character judgments.

Id. at 447.

Meanwhile, the state Attorney General filed a second administrative complaint in January, 2006, alleging that Dr. Zahl violated the Board's order of supervision imposed in connection with the Appellate Division's having stayed the revocation of his license during the appeal proceedings.  The Attorney General alleged in the main that Dr. Zahl billed for numerous procedures outside of the presence of the monitor in violation of the order of supervision.  These separate proceedings remained pending until April 24, 2009, when the Board found that Dr. Zahl violated its order not to bill counter to the directions of the billing monitor.  The Board issued a redundant order

4

revoking Dr. Zahl's medical license, and, on July 30, 2010, the Appellate Division affirmed.

Dr. Zahl returned to federal court on August 10, 2006, shortly after the state supreme court granted the Board's petition for certification. Represented by counsel, Dr. Zahl filed a new civil action, D.C. Civ. No. 06-cv-03749, against the Board and numerous other defendants, including private parties. The case was assigned to the Honorable Jose L. Linares. Dr. Zahl sought damages under 42 U.S.C. § 1983 and § 1985(3) for violations of his constitutional rights and conspiracy in connection with the revocation of his license, and he alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"). He also sought an injunction preventing New York and Pennsylvania's medical licensing boards from taking action against him based on New Jersey's actions. The defendants moved to dismiss the case, and those motions eventually were granted. Judge Linares also denied injunctive relief. Dr. Zahl appealed to this Court, and this counseled appeal currently is pending at C.A. Nos. 10-2022 and 10-2516.

Also, Dr. Zahl, through his surgical practice, pursued an appeal with the Medicare Appeals Council, and, on October 31, 2007, Dr. Zahl petitioned the Board to reinstate his license, contending that the Board's original decision was legally flawed. In support of reinstatement, Dr. Zahl offered a letter dated October 12, 2007, from the United States Department of Health & Human Services, which stated that "a finding that an individual is at fault does not, in and of itself, constitute a specific finding of fraud." The Board denied the petition, finding no basis to reconsider its original decision. On October 29, 2009, the Appellate Division affirmed.

5

At issue in the instant appeal, on December 15, 2009, Dr. Zahl filed a pro se motion to reinstate his 2001 federal civil action, Zahl v. Harper, which had been dismissed under Younger, 401 U.S. 37, and Garden State, 457 U.S. 423, and he submitted a proposed first amended complaint with numerous exhibits.  Dr. Zahl argued that the District Court had jurisdiction to reopen his 2001 case because Medicare had since rendered a "final determination" on the issue of whether he had engaged in fraud.  He attached the October 12, 2007 HHS letter to the motion to reinstate, and he also attached a letter, dated October 5, 2007, from the United States Office of Personnel  Management ("OPM"), informing him that it was withdrawing its prior proposal to debar him from participation as a health care provider in the Federal  Employees Health Benefits Program.  In addition, he attached a letter dated March 29, 2000, from the United States Attorney for the District of New Jersey, which advised him that the Department of Justice did not intend to pursue a civil action against him.

After the defendants filed a Rule 11 motion for sanctions against Dr. Zahl, the District Court held argument and then rendered a decision on the record denying the motion to reinstate the 2001 case.  The District Court addressed the motion to reinstate under Federal Rule of Civil Procedure 60(b), and treated it as a motion to reopen the judgment and for leave to file an amended complaint.  The court noted that the proposed amended complaint named as defendants many of the same persons Dr. Zahl had sued in his counseled civil rights/RICO action before Judge Linares, and that it sought substantially the same relief, that is, a declaratory judgment that Dr. Zahl's due process rights had been violated by the unlawful prosecution for violations of federal Medicare law and thus the determination that his medical license should be revoked should not be

6

given full faith and credit in any other jurisdiction; and damages for a violation of his constitutional civil rights.

The District Court then concluded that Dr. Zahl did not satisfy the requirements of Rule 60(b). First, the motion was untimely filed. A motion under Rule 60(b)(3) must be brought with one year of the judgment, and, otherwise, a Rule 60(b) motion must be brought within a reasonable time after the judgment. Dr. Zahl's motion was not brought within one year of the judgment, nor was it brought within a reasonable time after that judgment. In the alternative, the District Court concluded that abstention was warranted under the Rooker-Feldman doctrine, see District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), because any injunction the court might enter would disrupt the workings of the New Jersey medical disciplinary system. Dr. Zahl's motion to reopen the judgment was denied in an order entered on January 19, 2010, and he then moved for reconsideration and for leave to file a second amended complaint.

In an order entered on March 15, 2010, the District Court denied the motion for reconsideration and also denied the defendant's motion for Rule 11 sanctions. The court then enjoined Dr. Zahl from filing "any pleadings, motions, or applications dealing with the subject matter of this action [except a notice of appeal] unless [he] submits a copy of the proposed motion, pleading, or application and obtains the approval of the Court."

Dr. Zahl has appealed pro se.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. In his Informal Brief on appeal, Dr. Zahl contends that: (1) the District Court abused its

7

discretion in denying his motion to reinstate his 2001 civil case because abstention is not proper where an action is brought under 42 U.S.C. § 1983; (2) his proposed first amended complaint was not duplicative of his action before Judge Linares; (3) the District Court abused its discretion in denying his motion for reconsideration and request for leave to file a second amended complaint; (4) the District Court erred when it ruled that it lacked jurisdiction because other states currently are giving full faith and credit to New Jersey's decision; and (5) Rooker-Feldman does not bar reinstatement if all he seeks is a declaratory judgment that a "not without fault" or "overpayment request" is not tantamount to a finding of Medicare fraud.  See Informal Brief, at i-ii.

We review the denial of a Rule 60(b) motion for an abuse of discretion. See, e.g., Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999).  "The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Bougher v. Secretary of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  Relief is available only when the case presents extraordinary circumstances.  See, e.g., Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977).  Rule 60(b) sets forth exceptions to finality that permit a party to seek relief from a final judgment under a specific set of circumstances.  See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).  In Dr. Zahl's case, the exceptions to finality include "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

8

judgment is void; *** or (6) any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(1)-(4), (6).  Rule 60(b) also has time requirements.  "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. Pro. 60(c)(1)(A).

Federal Rule of Civil Procedure 60(b), and not the "liberality" of Rule 15, governs the opening of a final judgment in Dr. Zahl's case.  See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002).  The District Court properly addressed Dr. Zahl's motion under Rule 60(b).  The District Court also properly determined that Dr. Zahl's Rule 60(b) motion was untimely, because it was filed more than eight years after the challenged judgment was entered.  See Fed. R. Civ. Pro. 60(c)(1)(A).  None of  Dr. Zahl's arguments on appeal directly addresses the District Court's determination that his motion to reopen the 2001 judgment was not filed within a reasonable time.  The District Court's original judgment abstaining was entered on the docket on April 2, 2001.  The District Court did not retain jurisdiction, and thus the "reasonable time" clock began to run on that date.  Dr. Zahl's December, 2009 motion was filed well beyond the one-year limit for motions filed under subparagraphs (1), (2), and (3), and eight years is without a doubt not a reasonable time to wait before seeking to reopen a judgment, including under the catch-all subparagraph (6).  See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (two years not reasonable); Martinez-McBean, 562 F.2d at 913 n.7 (doubting that two and one-half year delay would comply with "reasonable time" requirement).

Because we conclude that the District Court did not abuse its discretion in denying Dr. Zahl's Rule 60(b) motion to reopen the judgment as not filed within a reasonable time, we find it unnecessary to address the court's alternative basis for decision and thus the majority of Dr. Zahl's arguments on appeal (which concern only the merits of his Rule 60(b) motion). Dr. Zahl's motion for reconsideration and request for leave to file a second amended complaint did not address the District Court's untimeliness determination, and thus it too properly was denied.

We understand from the entirety of Dr. Zahl's brief that he hoped to obtain from the District Court a declaration that Medicare did not, in the end, find him guilty of fraud. See Informal Brief, passim. This was established finally, he argues, when the Department of Health & Human Services determined on or about October 12, 2007, that, in his case, "a finding that an individual is at fault does not, in and of itself, constitute a specific finding of fraud." We have carefully reviewed this letter, App. 239-40, but we cannot agree that it is a "final determination," or even anything new. The October 12, 2007, HHS letter was written by Sandra M. Tokayer, a Manager in the Operations and Integrity Branch of the Division of Financial Management and Fee for Service Operations, at the request of Dr. Zahl's counsel, who sought clarification of the Medicare regulations. The letter states that "a finding that an individual is at fault does not, in and of itself, constitute a finding of fraud" under 20 C.F.R. § 404.507. "Whether fraud exists in the context of a 'not without fault' determination is dependent on the facts and circumstances of any individual case." App. 240. The letter goes on to state that "[a]ny tribunal possessing the authority to review the facts and circumstances of a particular Medicare overpayment determination may draw whatever legal conclusions it believes

10

are supported by the record," id., which is what the Board did in determining that Dr. Zahl "engaged in the use or employment of dishonesty, fraud, deception, misrepresentation, false promise or false pretense" in violation of N.J. Stat. Ann. § 45:1-21(b).

We have considered whether the October 12, 2007, HHS letter establishes that Dr. Zahl's Rule 60(b) motion was filed within a reasonable time. We conclude that it does not. It may lend some additional support to his essential argument, but the argument itself is not new. The Appellate Division in its June 9, 2005, per curiam, affirming in part and remanding, considered Dr. Zahl's assertion that there was no specific finding by federal authorities that he committed Medicare fraud, and his assertion that the Hearing Officer's decision was interpreted too broadly by New Jersey medical licensing officials. App. 99-100. The record establishes that the argument plainly was available well before these state appellate proceedings, and thus a motion to reopen a 2001 judgment filed in December 2009 cannot be considered to have been filed within a reasonable time under Rule 60(c)(1)(A). See Moolenaar, 822 F.2d at 1348 (motion not filed within reasonable time where reason for attack was available at time of original judgment); Marquip, Inc. v. Fosber America, Inc., 198 F.3d 1363, 1369 (Fed. Cir. 1999) (same). The October 5, 2007 OPM letter does not establish that Dr. Zahl's Rule 60(b) motion was filed within a reasonable time for the same reason. See id. The March 2000 letter from the U.S. Attorney is not of recent vintage and would not justify waiting until December 2009 to move to reopen the 2001 judgment.

Last, district courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive,

11

groundless, and vexatious litigation to obtain approval of the court before filing further complaints.  See In re: Oliver, 682 F.2d 443, 445 (3d Cir. 1982).  The bar should not be imposed by a court without prior notice to the litigant and some opportunity to respond.  See, e.g., Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987).  Here, Dr. Zahl failed to even mention the District Court's order enjoining him from filing any further pleadings, motions, or applications dealing with the subject matter of this action.  He thus has abandoned any challenge to the Court's order.  When an issue is neither set forth in the statement of issues presented nor pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal, absent extraordinary circumstances, and we find none here.  See Kost v. Kozakiewicz, 1 F.3d 176, 182-83 & n.3 (3d Cir. 1993); Simmons v. City of Philadelphia, 947 F.2d 1042, 1065-66 (3d Cir. 1991).

For the foregoing reasons, we will affirm the orders of the District Court denying Dr. Zahl's motion to reinstate his 2001 action and for leave to file a first amended complaint, and denying his motion for reconsideration and request to file a second amended complaint.