UNITED STATES of America,
Appellee,

v.

Aldo MITCHELL, also known as AD,
and Irving Mason, also known as
Spidey, Defendants–Appellants.

Docket Nos. 01–1093(L),
01–1203, 01–1249.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

Steven R. Peikin, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Gary Stein, Assistant United States Attorney, of counsel), New York, NY, for appellee.

Susan G. Kellman, New York, NY, for defendants-appellants Aldo Mitchell.

James E. Neuman (Norman L. Reimer, Harvey Fishbein, on the brief), New York, NY, for defendants-appellants Irving Mason.

Present KEARSE, McLAUGHLIN and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from judgments of the United States District Court for the Southern District of New York (Keenan, J.), it is hereby

ORDERED, ADJUDGED AND DE-
CREED that the judgments of the district
court are AFFIRMED.

Defendants-appellants Aldo Mitchell and
Irving Mason appeal from judgments of
conviction entered by the United States
District Court for the Southern District of
New York (Keenan, J.). Mitchell and Ma-
son were convicted by a jury of various
counts arising from their participation in a
racketeering enterprise. Their arguments
on appeal will be addressed in turn.

### I. *Evidence of Uncharged Crimes Com-mitted by Mitchell*

Mitchell first claims that the district
court violated his right to a fair trial by
admitting evidence of uncharged crimes
through the testimony of Lawrence Camp-
field, an accomplice and co-conspirator.
We review the district court's decision to
admit this evidence for abuse of discretion.
*United States v. Arena,* 180 F.3d 380, 400
(2d Cir.1999). Other crimes evidence is
admissible at trial if it "is relevant to an
issue at trial other than the defendant's
character, and if its probative value is not
substantially outweighed by the risk of
unfair prejudice." *United States v. Livoti,*
196 F.3d 322, 326 (2d Cir.1999). "[I]t is
within the court's discretion to admit evi-
dence of prior acts to inform the jury of
the background of the conspiracy charged,
in order to help explain how the illegal
relationship between participants in the
crime developed . . . ." *United States v.
Rosa,* 11 F.3d 315, 334 (2d Cir.1993).

On review of Campfield's testimony, we
find that it served to inform the jury both
of the background to the conspiracy and
of the relationship between the partici-
pants. Judge Keenan paid close attention
to the balance between probative value
and prejudice during the government's di-
rect examination of Campfield, and ended
Campfield's testimony when sufficient

background had been established. Tr.
1748. Moreover, the jury was given an
appropriate limiting instruction regarding
its consideration of the other crimes evi-
dence. *See Livoti,* 196 F.3d at 326. The
district court therefore did not abuse its
discretion in admitting Campfield's testi-
mony.

### II. *Application of the Sentencing Guide-lines in Determining Mitchell's Of-fense Level*

Mitchell argues that the district court
erred in sentencing him based on narcot-
ics-related activity, because the jury did
not convict him of a narcotics offense. We
find that in determining the base offense
level for Mitchell's RICO conspiracy con-
viction, the district court properly consid-
ered the "relevant conduct" involved in the
"underlying racketeering activity." *See*
U.S.S.G. §§ 1B1.2(b), 2E1.1(a). The· dis-
trict judge was plainly permitted to find
that a preponderance of the evidence
showed that Mitchell was involved in a
narcotics conspiracy, even though the jury
did not convict Mitchell of the narcotics
conspiracy described in the indictment.
*See United States v. Ruggiero,* 100 F.3d
284, 291 (2d Cir.1996).

Mitchell next argues that the dis-
trict court erred in applying a seven-level
sentencing enhancement for discharge of a
firearm. Mitchell claims that there was
insufficient evidence on which the district
court could have found the discharge of a
firearm reasonably foreseeable to Mitchell.
We review the district court's findings of
fact, including determinations of reason-
able foreseeability, for clear error. *See
United States v. Molina,* 106 F.3d 1118,
1121 (2d Cir.1997). The record shows that
Mitchell participated in a robbery in which
he knew that at least one of his accom-
plices would be armed; given these cir-
cumstances, the district court's factual de-

termination of reasonable foreseeability was not clearly erroneous. Mitchell also claims, relying on *United States v. Cordoba–Murgas,* 233 F.3d 704 (2d Cir.2000), that the district court should have departed downward from the seven-level enhancement. *Cordoba–Murgas* authorizes downward departure where there exists an "extraordinary combination of circumstances," including "an enormous upward adjustment" based on uncharged conduct "where the court has substantial doubts as to the accuracy of the finding." *Id.* at 709. These factors are not present in the instant case.

Mitchell finally challenges his sentence on the ground that the firearm enhancement was an element that should have been included in the indictment and charged to the jury pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is squarely foreclosed by our holding in *United States v. Norris,* 281 F.3d 357, 360–61 (2d Cir.2002).

III. *The RICO and RICO Conspiracy Convictions*

Defendant Mason was found guilty by the jury of attempted possession with intent to distribute cocaine. Mason claims that there is insufficient evidence to support this jury finding, and that because the attempted possession was one of two predicate racketeering acts on which he was convicted, his RICO and RICO conspiracy convictions must be reversed. Mitchell joins Mason's argument on this point.

Mason's challenge must fail if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Payton,* 159 F.3d

49, 56 (2d Cir.1998). On review of the record, and for the reasons stated by the district court, we agree that there was ample basis on which a rational trier of fact could have found that Mason attempted to possess or aided and abetted the possession of cocaine. *See United States v. Mason,* No. S1796CR.126, 2001 WL 69442, at *2–*4 (S.D.N.Y. Jan. 29, 2001).

■ Mason next argues that even if the attempted possession conviction was valid, there was no horizontal or vertical relation between this act and the second predicate act—the conspiracy to rob and attempted robbery of Eric Connor—sufficient to establish the "pattern of racketeering activity" required by substantive RICO law, *see* 18 U.S.C. § 1962(c). Horizontal relatedness clearly exists here. As the district court noted below, the Connor robbery involved a plan to rob drug money from a drug dealer, the attempted possession involved a robbery of drugs from a drug dealer, and the participants in both crimes were individuals involved in the broader criminal enterprise. *Mason,* 2001 WL 69442, at *6 (finding a "similarity of victims, participants, locations, and purposes" such that "a reasonable jury could easily have found that the two racketeering acts were 'horizontally related.'"); *see also United States v. Diaz,* 176 F.3d 52, 93–94 (2d Cir.1999); *United States v. Polanco,* 145 F.3d 536, 541–42 (2d Cir.1998). The predicate acts are vertically related as well. *See United States v. Minicone,* 960 F.2d 1099, 1106 (2d Cir.1992). That the robbery may have been initially proposed because of a personal feud between Campfield and Connor is of no import; Mason and other members of the enterprise became involved in and were central to the robbery, which was clearly related to the other activities of the enterprise (namely, robbing drug dealers for economic gain).

## IV. *The Hobbs Act Convictions*

Mason further argues that his convictions under the Hobbs Act, 18 U.S.C. § 1951(a), must be reversed because the attempted robbery of Connor could not have affected interstate commerce. Mitchell joins Mason's argument on this point.

There need be only a *de minimis* connection to interstate commerce in order to meet the requirement of the Hobbs Act. *See, e.g., United States v. Jamison,* 299 F.3d 114, 118 (2d Cir.2002); *Arena,* 180 F.3d at 389–90 (2d Cir.1999). In addition, the effect need only be possible, not actual. *United States v. Jones,* 30 F.3d 276, 285 (2d Cir.1994). We find that the evidence was sufficient for the jury to find that the attempted robbery had at least the requisite minimal effect on interstate commerce. The record shows that Mason and the criminal enterprise frequently targeted out-of-state drug buyers, Tr. 1000–01, and that Connor traveled weekly to New York from North Carolina to buy drugs, Tr. 1754, 1770. We agree with the district court that the attempted robbery of Connor could and probably did discourage interstate travel, *see Mason,* 2001 WL 69442, at *8, and that this effect is enough to meet the Hobbs Act requirement. *See United States v. Farrish,* 122 F.3d 146, 149 (2d Cir.1997).

## V. *The Charles Williams Pre-sentence Report*

Mason also argues that the district court improperly denied his motion at trial to admit the pre-sentence report ("PSR") of Charles Williams, Mason's co-conspirator in the attempted possession with intent to distribute cocaine. Williams had pled guilty to other charges, and Mason sought to admit the PSR prepared for Williams' sentencing as an admission by a party-opponent pursuant to Fed.R.Evid. 801(d)(2). Mason claims that the fact that the PSR did not refer to the attempted possession for which Mason was convicted demonstrates that "the crime was wholly unrelated to the enterprise charged herein."

Reviewing the district court's decision to exclude evidence for abuse of discretion, *United States v. Holmes,* 44 F.3d 1150, 1158 (2d Cir.1995), we uphold the exclusion. As the district court explained: "The [attempted possession] incident was not relevant [to Williams' sentencing] ... and hence was not in the PSR." *Mason,* 2001 WL 69442, at *9. And even if the exclusion could be shown to be an abuse of discretion, Mason would not be able to meet the harmless error test—as noted, there was ample evidence before the jury both of Mason's participation in the attempted possession and of the connection between that predicate act and the criminal conspiracy. *See United States v. Jackson,* 301 F.3d 59, 64–65 (2d Cir.2002).

## VI. *Apprendi Challenge to the Consecutive Sentences*

Mason and Mitchell both argue that the consecutive sentences imposed by Judge Keenan violate *Apprendi.* Our case law plainly rejects this claim. *See United States v. White,* 240 F.3d 127, 135 (2d Cir.2001).

We have considered Mason's and Mitchell's additional claims and find them to be without merit. The judgments of the district court are AFFIRMED.