ALD-161                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1190
_____

IRVING MASON,
                                        Appellant

v.

WARDEN DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-0197)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed:  April 28, 2011)
_____

OPINION
_____

PER CURIAM

Irving Mason, an inmate at the Federal Correctional Institution in Fort Dix, New

Jersey, appeals the District Court's order dismissing his petition for a writ of habeas

corpus under 28 U.S.C. § 2241.  We have jurisdiction over this appeal pursuant to 28

U.S.C. § 1291, and we exercise plenary review over the district court's legal conclusions

and apply a clearly erroneous standard to its factual findings.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  For the reasons discussed below, we will summarily affirm the District Court's order.

In July 2000, Mason was convicted in the United States District Court for the Southern District of New York of, as relevant here, conspiracy to commit robbery and attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and was sentenced to 30 years' imprisonment.  He appealed his conviction, arguing that the government had presented insufficient evidence to show that his conduct had the requisite effect on interstate commerce.  See § 1951(a) (providing for penalties for anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do").  The Second Circuit rejected his claim, explaining that "Mason and the criminal enterprise frequently targeted out-of-state drug buyers," that the intended victim was himself engaged in interstate commerce, and that "the attempted robbery . . . could and probably did discourage interstate travel." United States v. Mitchell, 51 F. App'x 355, 358 (2d Cir. 2002).  The Court therefore affirmed the District Court's judgment.  See id.

Mason next filed a motion to vacate his conviction under 28 U.S.C. § 2255.  The United States District Court for the Southern District of New York denied the motion, and the Second Circuit declined to issue a certificate of appealability.

Mason then filed the petition under 28 U.S.C. § 2241 that is at issue here.  He contends that the Second Circuit's decision in United States v. Parkes, 497 F.3d 220 (2d

Cir. 2007), has changed the legal landscape such that his Hobbs Act conviction is no longer valid. In Parkes, the Second Circuit considered at some length the proper role of the court and jury in adjudicating the interstate-commerce element of the Hobbs Act. The Court noted that, at one point, it had held that it was appropriate for the district court to decide as a matter of law whether the defendant's conduct had affected interstate commerce. See id. at 228 (citing United States v. Calder, 641 F.2d 76 (2d Cir. 1981)). However, in 1995, the Supreme Court "undid" that line of cases when it held that a criminal conviction must "'rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged,'" thus placing the decision whether the crime affected interstate commerce in the jury's hands. Id. at 226 (quoting United States v. Gaudin, 515 U.S. 506, 510 (1995)). The Second Circuit explained that this is how the law stood until 2002, when it held that the interstate-commerce element was satisfied as a matter of law where the target of the Hobbs Act violation was the proceeds of a drug transaction. See id. at 228 (citing United States v. Fabian, 312 F.3d 550, 555 (2d Cir. 2002)). Then, in Parkes, the Court overruled Fabian and held that the interstate-commerce element is a question for the jury in all Hobbs Act cases. See id. at 230.

Mason claims that the district court utilized the instruction authorized by Fabian but proscribed by Parkes.[1] He thus argues that his conviction must be vacated both

---

[1] While Mason has not submitted a copy of the district court's jury instructions, for the purposes of this opinion, we will assume that the district court did in fact use this instruction. We note, however, that the record is by no means clear on this point. In its opinion denying Mason's post-trial motion, the district court considered whether the

because the jury did not find him guilty of every element of the Hobbs Act offense and because, without a finding that his crime affected interstate commerce, there was no federal jurisdiction in the district court. The District Court concluded that Mason's petition was in essence a successive § 2255 motion, and thus dismissed it for lack of jurisdiction. See § 2255(h). Mason then filed a timely notice of appeal.

We agree with the District Court's analysis. As we have recognized, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("This Court has time and again ruled that in a situation such as here presented habeas corpus relief is unavailable for lack of jurisdiction.").

There is an exception to this rule, however, which permits prisoners to proceed under § 2241 where "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the] detention." § 2255(e). In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), we explained that § 2255 may be inadequate or ineffective where an intervening change in law has potentially made the conduct for which the petitioner was convicted non-criminal. See id. at 248 (permitting use of § 2241 in case of "party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation"). However, the exception is narrow: a motion under § 2255 is not

_____

evidence in the record was sufficient for the jury to have found that Mason's crime affected interstate commerce, without any reference to the Fabian rule. Further, Fabian was issued in December 2002, about two-and-a-half years after Mason was convicted.

4

inadequate or ineffective simply because the district court has refused to grant relief or the petitioner is prevented by § 2255(h)'s gatekeeping requirements from litigating his current claims. See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

Mason argues that this exception applies to him because the change in law wrought by Parkes has rendered him actually innocent of the Hobbs Act charge. We disagree. As a consequence of Parkes, the interstate-commerce element is no longer satisfied as a matter of law in all drug cases. However, this does not mean that Mason's conduct did not affect interstate commerce (and that his conduct was thus non-criminal). See generally Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003). In fact, on direct appeal, the Second Circuit reviewed the record and concluded, without reference to the Fabian rule, that Mason's crime — attempting to rob a drug dealer who traveled to New York from North Carolina to buy drugs — did affect interstate commerce. See Mitchell, 51 F. App'x at 358. This analysis is entirely consistent with both Parkes, 497 F.3d at 229-31, and the mine run of cases, see, e.g., United States v. McCraney, 612 F.3d 1057, 1065 (8th Cir. 2010); United States v. Perrotta, 313 F.3d 33, 37-38 (2d Cir. 2002). Therefore, Mason cannot make the showing of actual innocence necessary to proceed under § 2241. See, e.g., Cephas v. Nash, 328 F.3d 98, 105 (2d Cir. 2003) (concluding that "where [prisoner's] asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted").

5

We thus conclude that Mason has failed to show that § 2255 is inadequate or ineffective, and that the District Court therefore properly dismissed his § 2241 petition. While the District Court dismissed the petition with prejudice, we understand the dismissal to be without prejudice to Mason's right to request permission from the Second Circuit to file a successive petition. See 28 U.S.C. § 2255(h). With this understanding, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.