GLD-233                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1159
_____

IRVING MASON,
                                          Appellant

v.

WARDEN DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-00197)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: May 20, 2013)
_____

OPINION
_____

PER CURIAM

     Irving Mason, proceeding pro se and in forma pauperis, appeals the United States

District Court for the District of New Jersey's order denying his motion for relief from

judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Mason requests appointment of counsel.

In July 2000 after a jury trial, Mason was convicted in the United States District Court for the Southern District of New York of various federal crimes, including conspiracy to commit robbery and attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. Mason was sentenced to thirty years' imprisonment. The Second Circuit affirmed the District Court's judgment. See United States v. Mitchell, 51 F. App'x 355 (2d Cir. 2002). The United States Supreme Court denied certiorari. Mason filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 that the District Court denied in August 2005. Mason then unsuccessfully sought relief pursuant to Rule 60(b).

In January 2010, Mason filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey. The District Court concluded that Mason's petition was in essence a second or successive § 2255 motion and dismissed it for lack of jurisdiction. In April 2011, this Court affirmed the District Court's dismissal. See Mason v. Zickefoose, 425 F. App'x 90 (3d Cir. 2011). Later, Mason filed a "law of the case doctrine motion" and an application to file a second or successive § 2255 motion in the Second Circuit that were denied as procedurally barred.

In April 2011, Mason filed a motion for relief from judgment pursuant to Rule 60(b) in the District of New Jersey. Mason's motion sought to have his § 2241 petition reinstated and reviewed on the merits in light of United States v. Parkes, 497 F.3d 220

(2d Cir. 2007), and United States v. Needham, 604 F.3d 673 (2d Cir. 2010), which he alleged rendered him actually innocent. Mason later filed a motion to amend his Rule 60(b) motion, seeking to include argument based on Wooten v. Cauley, 677 F.3d 303 (6th Cir. 2012). The District Court concluded that Mason did not qualify for relief under Rule 60(b) and denied both motions. The District Court also construed Mason's motion as a motion for reconsideration under Local Civil Rule 7.1(i), and denied it for failing to meet the standard required for reargument.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review denial of Rule 60(b) motions for abuse of discretion, but an order denying a Rule 60(b)(4) motion is subject to plenary review. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). We review the District Court's denial of leave to amend for an abuse of discretion. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Summary action is warranted if an appeal presents no substantial question. 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

Mason specifically sought relief pursuant to Rules 60(b)(4) and (6). Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant." Budget Blinds, Inc., 536 F.3d at 258. In this case, Mason did not argue that the District Court lacked personal

3

jurisdiction over him when it denied his § 2241 petition. Therefore, the District Court properly denied relief under Rule 60(b)(4).

Regarding Rule 60(b)(6), relief "is available only in cases evidencing extraordinary circumstances." Martinez-McBean v. Gov't of the V.I., 562 F.2d 908, 911 (3d Cir. 1977) (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)) (internal quotation marks omitted). "[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (quoting Agostini v. Felton, 521 U.S. 203, 239 (1997)). Further, "a Rule 60(b)(6) motion may not be used as a substitute for an appeal." See Reform Party v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999).

As the District Court explained, Mason's motion essentially reiterated an argument that he had raised in his § 2241 petition and in a Rule 60(b) motion before the Southern District of New York. To wit, Mason argued that in light of the Second Circuit's decision in Parkes that "[p]roving an effect on interstate commerce is thus an element of a Hobbs Act offense, which must be proven beyond a reasonable doubt to a jury," he was actually innocent because the jury was not instructed of the need to find this element. See 497 F.3d at 227. However, as noted by the District Court, this claim has been addressed previously, and despite Parkes, and its progeny, Needham, Mason cannot make a showing of actual innocence because his crime – attempting to rob a drug dealer who traveled to New York from North Carolina to buy drugs – affected interstate

4

commerce. See Mason, 425 F. App'x at 92 ("Mason argues that . . . the change in law wrought by Parkes has rendered him actually innocent of the Hobbs Act charge. We disagree."); Mitchell, 51 F. App'x at 358. Consequently, Mason has not established that he is entitled to relief under Rule 60(b)(6). See Reform Party, 174 F.3d at 312; Morris, 187 F.3d at 341.

In his motion to amend his Rule 60(b) motion, Mason sought to include argument based on Wooten v. Cauley that he qualifies for the § 2255(e) "savings clause." The District Court denied Mason's motion to amend. Pursuant to Federal Rule of Civil Procedure 15(a), a "court should freely give leave when justice so requires." However, leave to amend should not be granted if amendment would be futile. Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Despite the arguments presented in the motion to amend, Mason is not entitled to use § 2255(e) because he cannot show, as required, that § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002). Consequently, it was not an abuse of discretion for the District Court to deny Mason's motion to amend because amendment would have been futile.

Finally, to the extent that Mason's Rule 60(b) motion was a motion for reconsideration under Local Civil Rule 7.1(i), the District Court properly denied Mason's motion for the reasons stated in its opinion.

5

IV.

For substantially the reasons provided in the District Court's opinion, we will affirm its order dismissing Mason's Rule 60(b) motion and his motion to amend because this appeal does not present a substantial question.  See 3d Cir. LAR 27.4; I.O.P. 10.6. Mason's motion for appointment of counsel is denied.