CLD-129                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3217
_____

IRVING MASON,
                                                    Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:13-cv-04104)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Federal prisoner Irving Mason appeals pro se from the June 24, 2014 order of the

United States District Court for the District of New Jersey dismissing, for lack of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

jurisdiction, his latest 28 U.S.C. § 2241 habeas petition.  For the reasons that follow, we will summarily affirm the District Court's order.

I.

In 2000, the United States District Court for the Southern District of New York convicted Mason of various offenses, including attempted robbery and conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951.[1]  Mason was sentenced to 30 years in prison.  On direct appeal, he argued that the Hobbs Act counts should be reversed because the attempted robbery could not have affected interstate commerce.  The United States Court of Appeals for the Second Circuit rejected this argument and affirmed the judgment of sentence, explaining that "Mason and the criminal enterprise frequently targeted out-of-state drug buyers," that the victim of the attempted robbery "traveled weekly to New York from North Carolina to buy drugs," and that the attempted robbery "could and probably did discourage interstate travel."  United States v. Mitchell, 51 F. App'x 355, 358 (2d Cir. 2002) (per curiam).  After the Supreme Court denied Mason's petition for a writ of certiorari, he moved to vacate his conviction pursuant to 28 U.S.C. § 2255.  The trial court denied that motion, and subsequently denied his related motion for relief under Federal Rule of Civil Procedure 60(b).  Mason appealed from that latter denial, but the Second Circuit dismissed that appeal.

---

[1] The Hobbs Act provides penalties for anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do."  18 U.S.C. § 1951(a).

2

In 2010, Mason, who at all relevant times has been confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed a § 2241 habeas petition in the United States District Court for the District of New Jersey (hereinafter "the District Court"). He alleged that he was actually innocent of his Hobbs Act convictions in light of the Second Circuit's intervening decision in United States v. Parkes, 497 F.3d 220 (2d Cir. 2007), which held that "the Hobbs Act requires the jury to find that a robbery of drugs and drug proceeds affects interstate commerce," id. at 223. The District Court dismissed the § 2241 petition for lack of jurisdiction, concluding that the petition amounted to an unauthorized second or successive § 2255 motion. Mason appealed from that decision, and we affirmed. See Mason v. Zickefoose, 425 F. App'x 90, 90 (3d Cir. 2011) (per curiam). In doing so, we rejected his argument that the ruling in Parkes rendered him actually innocent of his Hobbs Act convictions:

> As a consequence of Parkes, the interstate-commerce element is no longer satisfied as a matter of law in all drug cases. However, this does not mean that Mason's conduct did not affect interstate commerce (and that his conduct was thus non-criminal). In fact, on direct appeal, the Second Circuit reviewed the record and concluded, without reference to [a rule rejected in Parkes], that Mason's crime — attempting to rob a drug dealer who traveled to New York from North Carolina to buy drugs — did affect interstate commerce. This analysis is entirely consistent with both Parkes and the mine run of cases. Therefore, Mason cannot make the showing of actual innocence necessary to proceed under § 2241.

Id. at 92 (citations omitted).

3

In 2012, Mason moved the District Court to reinstate his § 2241 petition pursuant to Rule 60(b), citing, inter alia, Parkes and a subsequent Second Circuit decision (United States v. Needham, 604 F.3d 673 (2d Cir. 2010)). The District Court denied that motion. We then summarily affirmed that decision, see Mason v. Zickefoose, 525 F. App'x 81, 84 (3d Cir. 2013) (per curiam), explaining that Mason's challenge to his Hobbs Act convictions "ha[d] been addressed previously, and despite Parkes, and its progeny, Needham, Mason cannot make a showing of actual innocence because his crime . . . affected interstate commerce," id. at 83.

Thereafter, Mason filed another § 2241 petition in the District Court, again attacking his Hobbs Act convictions. This time, he claimed that he was actually innocent of those convictions in light of the Supreme Court's recent decisions in National Federation of Independent Business v. Sebelius, 132 S. Ct. 2566 (2012), and Sekhar v. United States, 133 S. Ct. 2720 (2013). On June 24, 2014, the District Court dismissed this petition for lack of jurisdiction, concluding that it amounted to another unauthorized second or successive § 2255 motion. Mason now appeals from that decision.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[2] We exercise plenary review over the District Court's legal conclusions and review its

---

[2] Mason does not need a certificate of appealability to proceed with this appeal. See Untied States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

4

factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a district court's judgment if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

A § 2255 motion is the presumptive means by which federal prisoners can collaterally attack their convictions. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the legality of his conviction via a § 2241 petition only if he demonstrates that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. The "inadequate or ineffective" exception applies only in rare circumstances, such as when an intervening Supreme Court decision decriminalizes the conduct for which the federal prisoner has been convicted. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). The District Court concluded that this exception did not apply in Mason's case because neither National Federation nor Sekhar "in any way impairs the validity of [his] Hobbs Act conviction[s]." (Dist. Ct. Op. entered June 24, 2014, at 11.) We agree.

National Federation involved, in pertinent part, a challenge to the "individual mandate" portion of the Patient Protection and Affordable Care Act, which requires most Americans to maintain a minimum level of health insurance coverage or pay a penalty. See 132 S. Ct. at 2580. Although the Supreme Court ultimately upheld the individual mandate as a valid exercise of Congress's power to tax, see id. at 2608, the Court also considered the question of whether "Congress had the power to enact the mandate under

5

the Commerce Clause," id. at 2584. Chief Justice Roberts's opinion concluded that the Commerce Clause did not give Congress the authority to "compel[] individuals to become active in commerce by purchasing a product." Id. at 2587 (emphasis omitted); see id. at 2608. Four other justices, dissenting from the Court's ruling on the tax issue, agreed that "one does not regulate commerce that does not exist by compelling its existence." Id. at 2644 (Scalia, J., dissenting). "Accordingly, five justices agreed that the Commerce Clause gives Congress authority only to regulate commerce, not to compel it." United States v. Sullivan, 753 F.3d 845, 854 (9th Cir. 2014). Contrary to Mason's contention, that Commerce Clause ruling does not undermine his Hobbs Act convictions, for neither the Hobbs Act itself, nor the facts of his case, involve *compelling* commerce.

As for Sekhar, the Supreme Court held there that a defendant's attempt to force another individual to offer advice that accorded with the defendant's wishes did not meet the definition of extortion under the Hobbs Act. See 133 S. Ct. at 2727. That decision does not help Mason either, for his case involved an attempted robbery, not extortion.

Because Mason failed to show that his case falls under § 2255's "inadequate or ineffective" exception, the District Court properly dismissed his § 2241 petition. See Cradle, 290 F.3d at 539.[3] As this appeal does not present a substantial question, we will summarily affirm the District Court's June 24, 2014 order.[4]

---

[3] When confronted with a filing that amounts to an unauthorized second or successive § 2255 motion, a district court must either dismiss that filing or transfer it to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Here, the District Court declined to take the latter

approach, and we find no error in that decision.

[4] To the extent that Mason attempts to reiterate arguments from his prior proceedings, we decline to consider those arguments here.

7