**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-4078

UNITED STATES OF AMERICA

v.

OMAR SIERRE FOLK,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00292-001)
District Judge:  Honorable William W. Caldwell

Submitted under Third Circuit LAR 34.1(a)
on June 3, 2014

Before:  HARDIMAN, SCIRICA and ROTH, Circuit Judges

(Opinion filed:  September 17, 2014)

O P I N I O N

**ROTH**, Circuit Judge:

Omar Folk was found guilty of distribution and possession with intent to distribute

cocaine, use of a firearm in furtherance of drug trafficking, and being a felon in

possession of a firearm.  At trial, Melanie Schill, a woman with whom Folk used to live

and with whom he had a child, testified that Folk possessed and manufactured drugs and used a gun during a domestic dispute. Folk now appeals his denial of a motion for a mistrial and his subsequent denial of a motion for a new trial on the grounds that Schill's testimony was unduly prejudicial. Finding no error with the District Court's decision to admit the testimony, we will affirm.

## I.    Background

On July 11, 2012, a grand jury returned a four-count indictment against Folk. Count one charged Folk with distribution of 280 grams or more of cocaine base for the entire period of the indictment from August 2009 through September 1, 2011, in violation of 21 U.S.C. § 841(a)(1). Counts two through four charged Folk with being a felon in possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 922(g), 924(c).

At trial, the prosecution presented physical evidence from Folk's arrest, evidence obtained during a search of Folk's apartment, and testimony from two cooperating individuals to whom Folk had sold crack and powder cocaine from 2009 through 2011. In addition, Schill testified that, while living with Folk in 2010, she had arrived home and seen what she believed to be crack cocaine on a napkin and proceeded to argue with him about it. The argument escalated, and Schill testified that Folk grabbed a gun during the argument, held their daughter, and pointed the gun at Schill while threatening to kill her. Folk's counsel objected throughout Schill's testimony. At the end of the testimony, Folk's counsel requested a mistrial on the grounds that the testimony was unduly prejudicial and should not have been admitted pursuant to Rule 403 of the Federal Rules

of Evidence.  The request was denied, and the jury found Folk guilty on all four counts.

Folk then filed a motion for a new trial alleging that Schill's testimony was incurably

prejudicial testimony.  The District Court denied Folk's motion in a written opinion.

Folk appealed.

## II.    Standard of Review

We review denial of a motion for a mistrial based on allegedly prejudicial

testimony for abuse of discretion.  *United States v. Riley*, 621 F.3d 312, 335–36 (3d Cir.

2010) (citing *United States v. Lore*, 430 F.3d 190, 207 (3d Cir. 2010)).

## III.    Discussion[1]

The District Court did not abuse its discretion in admitting Schill's testimony

because it was relevant to the government's charge that Folk carried and used a firearm in

relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  *See Smith v.*

*United States*, 508 U.S. 223, 238 (1993) (defining scope of § 924(c)(1)).  Schill's

testimony established that Folk owned a gun, stored it near a supply of crack cocaine, and

used it at least once to threaten Schill into keeping silent about his drug trafficking

activities.  This evidence went directly to the government's case against Folk under §

924(c).  *See, e.g.*, *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (holding

that the fact that a gun was strategically located in a compartment containing a cache of

marijuana supported a § 924(c) conviction).

The District Court similarly did not abuse its discretion in admitting Schill's

testimony over Folk's objection pursuant to Rule 403.  Under that rule, a court may

---

[1] The District Court had jurisdiction under 28 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Rule 403 creates a presumption of admissibility and "does not provide a shield for defendants who engage in outrageous acts." *United States v. Cross*, 308 F.3d 308, 325 (3d Cir. 2002). Nothing about Schill's testimony created a danger of unfair prejudice that substantially outweighed its probative value under Rule 403. The District Court, therefore, did not err in admitting the testimony.

## IV.    Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.