DLD-025                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2527
_____

OMAR SIERRE FOLK,
Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-22-cv-00591)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2023
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: November 28, 2023)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Omar Folk appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2012, Omar Folk was found guilty by a federal jury of drug and firearms offenses. The District Court sentenced Folk to 264 months in prison. We affirmed his conviction and sentence on direct appeal, United States v. Folk, 577 F. App'x 106 (3d Cir. 2014), and his petition for certiorari was denied. In 2016, the Federal Public Defender filed a § 2255 motion on Folk's behalf. Folk eventually proceeded pro se and was permitted to amend the motion. The District Court denied Folk's § 2255 motion. After granting a certificate of appealability and appointing counsel, we affirmed that denial. United States v. Folk, 954 F.3d 597, 600 (3d Cir. 2020).

In 2022, Folk filed a § 2241 petition, arguing that he is actually innocent of distributing cocaine and cocaine base. The District Court dismissed the petition, and Folk filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A § 2241 petition filed by a federal prisoner challenging his conviction or sentence may not be entertained unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As noted by the District Court, the Supreme Court recently held that this language, the so-called "savings clause," is not a means of avoiding the restrictions imposed by § 2255(h) on filing successive § 2255 motions:

> We now hold that the saving clause does not authorize such an end-run around AEDPA. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Jones v. Hendrix, 599 U.S. 465, 477–78 (2023). Thus, Folk's remedy is not to file a § 2241 petition but to seek authorization to file a second or successive § 2255 motion.

The District Court did not err in dismissing Folk's § 2241 petition. For the above reasons, we will summarily affirm the District Court's order. See 3d Cir. I.O.P. 10.6. Folk's "Motion for a Briefing Schedule" is denied.