CLD-060                                                      NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2567
_____

OMAR SIERRE FOLK,
                        Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cv-00071)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: February 4, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Omar Sierre Folk appeals the District Court's order denying his motion filed pursuant to Fed. R. Civ. P. 60(b)(1). For the reasons that follow, we will summarily affirm the District Court's order.

In 2012, Folk was found guilty by a federal jury of drug and firearms offenses. The District Court sentenced Folk to 264 months in prison. We affirmed his conviction and sentence on direct appeal, United States v. Folk, 577 F. App'x 106 (3d Cir. 2014), and his petition for certiorari was denied, 577 U.S. 867 (2015). In 2016, the Federal Public Defender filed a 28 U.S.C. § 2255 motion on Folk's behalf. Folk eventually proceeded pro se and was permitted to amend the § 2255 motion. The District Court denied the § 2255 motion in 2018. After granting a certificate of appealability and appointing counsel, we affirmed that denial. United States v. Folk, 954 F.3d 597, 600 (3d Cir. 2020). Since then Folk has filed numerous unsuccessful challenges to his conviction.

In 2023, Folk filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. He argued that he was actually innocent of the two counts of using a firearm during a drug trafficking crime and the one count of being a felon in possession of a firearm. In August 2023, the District Court dismissed the petition for lack of jurisdiction, explaining that a defendant may not file a § 2241 petition to avoid the requirements for bringing a second or successive § 2255 motion. See Jones v. Hendrix, 599 U.S. 465, 477–78 (2023) (stating that "[b]ecause § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those

2

two conditions is satisfied").  The District Court concluded that Folk did not establish any "unusual circumstances" that made it "impossible or impracticable to seek relief in the sentencing court" such that challenging his conviction with a § 2241 petition would be permitted.  Folk v. Sage, No. 3:23-CV-71, 2023 WL 5211631, at *3 (M.D. Pa. Aug. 14, 2023) (quoting Jones, 599 U.S. at 478).

In August 2024, Folk filed his motion pursuant to Rule 60(b)(1).  He argued that he had established unusual circumstances and described the procedural history of his § 2255 proceedings.  He appeared to argue, as he has in the past, that he should have been allowed to bring additional § 2255 claims in his first § 2255 motion.  Thus, he seemed to contend, he should not be subject to § 2255's limitations on second or successive § 2255 motions.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions.  Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).  Summary action is appropriate if there is no substantial question presented in the appeal.  See 3d Cir. L.A.R. 27.4.  We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

On appeal, Folk argues that he is entitled to relief under Rule 60(b)(1) because the District Court committed a mistake of law and that he does meet the unusual circumstances to file a § 2241 petition challenging his conviction.  The Supreme Court has held that a District Court's legal error falls within the meaning of "mistake" under Fed. R. Civ. P. 60(b)(1), and a motion asserting such a legal error is subject to the one-

3

year limitations period set forth in Rule 60(c)(1).  See Kemp v. United States, 596 U.S. 528, 539 (2022).  Folk repeats his arguments that, based on events which happened during his first § 2255 proceedings, he is entitled to file additional § 2255 claims without meeting the requirements of § 2255 for second or successive § 2255 motions.  To the extent that Folk seeks to challenge actions taken by the District Court in resolving his first § 2255 motion in 2018, the Rule 60(b)(1) motion is untimely.  To the extent that he challenges the District Court's dismissal of his recent § 2241 petition, his Rule 60(b)(1) motion is without merit as Folk has not shown that the District Court committed any legal error when it dismissed the petition.  Folk did not show any unusual circumstances which would allow him to challenge his conviction with a § 2241 petition.

For the above reasons, we will summarily affirm the District Court's order.  See 3d Cir. I.O.P. 10.6.  Folk's "Motion for Briefing Schedule" is denied.

4