**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1732
_____

OMAR SIERRE FOLK,
                                    Appellant

v.

MS. PARKER, Case Manager; WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:18-cv-01948)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2025
Before:  KRAUSE, RESTREPO, and PORTER, <u>Circuit Judges</u>

(Opinion filed: December 30, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Omar Folk, a federal prisoner, appeals from the District Court's order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). For the following reasons, we will affirm the District Court's judgment.

Folk is serving a 264-month sentence for his convictions for drugs and firearms offenses. See United States v. Folk, 577 F. App'x 106, 107 (3d Cir. 2014) (not precedential) (affirming on direct appeal). As part of his sentence, Folk was ordered to pay a $1,500 fine, as set forth in an amended Judgment and Commitment Order.[1] In October 2018, Folk filed a habeas petition pursuant to 28 U.S.C. § 2241, alleging that Ms. Parker, a Case Manager at FCI Allenwood, was over-deducting funds from his inmate account to pay the fine. In particular, Folk alleged that Parker was "abusing her power" in deducting 50% of his income every three months through the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. § 545.10. He argued that the quarterly deduction should be $25 because he no longer worked for UNICOR. He also argued that he should be placed on IFRP "Temporary Exempt Status" due to his medical issues, pursuant to the Bureau of Prisons Program Statement 5380.08 § 9(e).

By order entered April 29, 2022, the District Court denied the § 2241 petition. It noted that Folk had agreed to participate in the IFRP program. The District Court concluded that the BOP was authorized to set the schedule of payments consistent with the IFRP, and that the Case Manager had "individually assessed Folk's financial ability to pay off his fine, including considering his regular inmate account deposits." ECF No. 33

---

[1] The fine, which was initially $3,000, was reduced in an amended judgment entered in March 2018. See M.D. Pa. Cr. No. 1:11-cr-00292-001, ECF No. 181.

at 5.  The District Court also determined that the BOP did not abuse its discretion in declining to place Folk into temporary exempt status "due to his resources." Id.  Folk did not appeal from the order.

Nearly three years later, in March 2025, Folk filed a motion pursuant to Rule 60(b)(6), asserting that the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), provides a basis to reopen his § 2241 proceedings.  The District Court denied the motion for relief from judgment, and this timely appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the denial of a motion made pursuant to Rule 60(b)(6) for abuse of discretion.  Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court first determined that the Rule 60(b)(6) motion for relief from judgment was not filed within a "reasonable time," as required by Federal Rule of Civil Procedure 60(c)(1).  Folk did not challenge that conclusion in his opening brief, and, as the Government notes, he has therefore forfeited review of that determination.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").  In any event, even assuming that the Rule 60(b)(6) motion was filed within a reasonable time, we agree with the District Court's alternative conclusion that Folk failed to demonstrate that relief from the judgment denying the § 2241 petition was warranted.

3

Rule 60(b)(6) relief is "available only in cases evidencing extraordinary circumstances." See Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977) (internal quotation marks and citation omitted). We agree with the District Court that the change in law described in Loper Bright is inapplicable to Folk's case, and that, therefore, he cannot rely on it to show extraordinary circumstances. In Loper Bright, the Supreme Court overruled the deference principles established in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), and held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority," as required by the Administrative Procedure Act. Loper Bright, 603 U.S. at 412; United States v. McIntosh, 124 F.4th 199, 205 n.3 (3d Cir. 2024) (observing that Loper Bright "overruled the Chevron doctrine—which directed courts to defer to an agency's reasonable interpretation of a genuinely ambiguous statute that it administers—and declared that courts must now generally 'exercise their independent judgment' to determine the 'best reading of a statute'" (citation omitted)). Here, however, the BOP did not rely on an ambiguous statute in "'putting into effect' and 'carrying out' the fine portion of [Folk's] sentence."[2] McGee v. Martinez, 627 F.3d 933,

---

[2] Contrary to Folk's contention, the Bureau of Prison's Program Statement 5380.08 § 9(e) unambiguously authorizes the BOP to exercise its discretion in granting "Temporary Exempt Status." See Loper Bright, 603 U.S. at 395 ("When the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court under the APA is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits."); see also Stiver v. Meko, 130 F.3d 574, 578 (3d Cir. 1997) (recognizing, prior to Loper Bright, that BOP Program Statements were not entitled to Chevron deference).

4

936 (3d Cir. 2010). Therefore, the change in law described in <u>Loper Bright</u> is inapplicable, and the District Court did not abuse its discretion in denying Rule 60(b)(6) relief.[3] See <u>Norris v. Brooks</u>, 794 F.3d 401, 405 (3d Cir. 2015) (recognizing that "a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position").

Based on the foregoing, we will affirm the District Court's judgment.

---

[3] Aside from his <u>Loper Bright</u> arguments, Folk presented habeas claims in his Rule 60(b)(6) motion that he failed to present in his § 2241 petition, despite their availability. The claims, which he also presses on appeal, clearly could not serve as a basis for Rule 60(b)(6) relief. <u>See</u> Fed. R. Civ. P. 60(c)(1); <u>see also</u> <u>Terrell v. Sec'y, Dep't of Veterans Affairs</u>, 98 F.4th 1343, 1357 (11th Cir. 2024) (recognizing that Rule 60(b) may not be used to raise claims "that could have been raised prior to the entry of judgment" (citation omitted)).