ALD-093                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2712
_____

OMAR SIERRE FOLK,
                         Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00021)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2026
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: March 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

Omar Folk, a federal prisoner at FCI-Hazleton, appeals from the District Court's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  For the following reasons, we will affirm the District Court's judgment.

Folk is serving a 264-month sentence for his convictions for drug and firearms offenses.  *See United States v. Folk*, 577 F. App'x 106, 107 (3d Cir. 2014) (not precedential) (affirming on direct appeal).  In April 2022, the District Court denied his habeas petition, brought pursuant to 28 U.S.C. § 2241, that raised a conditions-of-confinement claim related to the threat of COVID-19.  Nearly a year later, Folk filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that the District Court had misconstrued his claim as a request for home confinement under the CARES Act,[1] rather than as a general conditions-of-confinement claim.  The District Court denied the motion, and we summarily affirmed, concluding that this was "not the sort of 'extreme' case for which a conditions-of-confinement claim is cognizable in § 2241 proceedings."  *See Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (not precedential).

In May 2025, Folk filed a Rule 60(b)(6) motion, arguing that the Supreme Court's decision in *Loper Bright Enterprises. v. Raimondo*, 603 U.S. 369 (2024), provided a basis to reopen his § 2241 proceedings.[2]  Folk maintained that he is eligible for home

---

[1] The Coronavirus Aid, Relief, and Economic Security Act (CARES Act), § 12003(b)(2), Pub. L. No. 116–136, 134 Stat. 281, 516 (2020) (expanding the authority of the Bureau of Prisons under 18 U.S.C. § 3624(c)(2) to place a prisoner in home confinement in light of COVID-19).

[2] In *Loper Bright*, the Supreme Court overruled the deference principles established in

confinement under the Second Chance Act and the First Step Act, and that the District Court, under *Loper Bright*, should not accord deference to the Bureau of Prison's determination that he is ineligible. The District Court denied the motion, and Folk timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion made pursuant to Rule 60(b)(6) for abuse of discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014). Rule 60(b)(6) relief is "available only in cases evidencing extraordinary circumstances." *See Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) (internal quotation marks and citation omitted). We may affirm on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We conclude that there is no abuse of discretion here. Folk's claims under the Second Chance Act and the First Step Act are wholly unrelated to the conditions-of-confinement claim in his § 2241 petition or, for that matter, in his prior Rule 60(b) motion. Under these circumstances, he failed to present any possible grounds to relieve him from the judgment pursuant to Rule 60(b)(6). *See Marshall v. Bd. of Educ.*, 575 F.2d 417, 426 (3d Cir. 1978) (holding that it was not an abuse of discretion to deny Rule 60(b)(6) relief where "no circumstances, least of all 'exceptional circumstances' requiring 'extraordinary relief,' [were] demonstrated"); *see generally DeCastro v. Hot*

---

*Chevron U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837 (1984). *See Loper Bright*, 603 U.S. at 412 (holding that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority").

3

*Springs Neurology Clinic, P.A.*, 107 F.4th 813, 817 (8th Cir. 2024) (explaining that proffering "an entirely new theory after dismissal . . . is '[in]appropriate' for a Rule 60(b) motion" (citation omitted)).

Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment.[3]

---

[3] Folk's motion for summary reversal and for the appointment of counsel is denied.