DLD-134                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

_____

No. 26-1290

_____

IN RE: OMAR SIERRE FOLK,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Crim. No. 1:11-cr-00292-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 14, 2026
Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: May 29, 2026)
_____

OPINION*
_____

PER CURIAM

Omar Folk petitions this Court for a writ of mandamus, alleging undue delay in

the adjudication of various motions that he filed in the District Court related to his

conviction and sentence.  For the following reasons, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2013, Folk was sentenced as a career offender to 264 months' imprisonment after a jury convicted him of various drug and firearms offenses. We affirmed the judgment of conviction and sentence on direct appeal. *See United States v. Folk*, 577 F. App'x 106, 107 (3d Cir. 2014) (not precedential). In February 2018, the District Court denied Folk's motion to vacate sentence pursuant to § 2255, and we affirmed. *See United States v. Folk*, 954 F.3d 597, 610 (3d Cir. 2020). Since then, Folk has repeatedly sought to attack his conviction and sentence through various motions and petitions.

As relevant here, Folk filed a "Motion for Status Quo Hearing" on August 13, 2025,[1] relying on recent Supreme Court decisions to attack his § 2255 proceedings. *See* ECF No. 397. Folk moved to supplement and amend the motion on September 12, 2025, just before the Government filed its response to the motion on September 18, 2025. *See* ECF Nos. 401 & 402. On October 3, 2025, Folk filed a "Motion for Coram Nobis," attacking his sentence. *See* ECF No. 405. Folk also filed a motion for reconsideration of an order which denied various motions seeking § 2255 relief. *See* ECF No. 409. Finally, on December 22, 2025, Folk filed a "Motion to Compel Judgment," seeking a ruling on the foregoing motions. *See* ECF No 413 at 2. In his mandamus petition, Folk seeks an order directing the District Court to rule on each of these motions, alleging undue delay.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to

---

[1] All references to filing dates are to the dates the documents were filed on the District Court's docket.

the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." *United States v. Santtini*, 963 F.2d 585, 593 (3d Cir. 1992) (citation omitted). An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) (quotation marks omitted), but the manner in which a court controls its docket is discretionary, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

Although the District Court has yet to rule on Folk's motions, this is not a case in which a delay suggests a failure to exercise jurisdiction.[2] In February 2026, the District Court directed the Government to respond to Folk's coram nobis motion, the motion to amend the "Motion for a Status Quo Hearing," and the motion for reconsideration. *See* ECF Nos. 419 & 421. The Government filed its responses, and Folk filed his reply briefs on March 24, 2026. *See* ECF Nos. 422, 423, 427, & 428. Thus, those motions are recently ripe for review, and we are confident that the District Court will expeditiously rule on them.

Based on the foregoing, we will deny the petition for a writ of mandamus.

---

[2] We note that, after filing the mandamus petition, Folk filed in the District Court "Motion[s] for Updated Status" and another "Motion to Compel Judgment." *See* ECF No. 429, 430 & 431. To the extent that there has been delay in this matter, it was largely occasioned by Folk's voluminous motions.